Cynthia E. VAUGHAN, Appellant,

v.

Richard VAUGHAN, Appellee.

No. 13–90–162–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1991.

Rehearing Overruled March 28, 1991.

John A. George, Victoria, for appellant.

Wanda Roberts, Port Lavaca, for appellee.

Before DORSEY, KENNEDY and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

The primary issue to be decided in this case is the right of a party to an appeal to a referring court after a trial on the merits before a family law master pursuant to TEX. GOV'T CODE ANN. §§ 54.001–54.018 (Vernon 1988). We hold that the trial court erred in not allowing an appeal and remand the case to the referring court for a *de novo* hearing on the issues contested.

Richard Vaughan sued Cynthia Vaughan for divorce and custody of the couple's two children. The case was tried before the Honorable Barbara Fritz beginning November 9, 1989. The master made her recommendations which included Richard being awarded managing conservator of the two children. Cynthia, acting *pro se*, filed a timely notice of appeal pursuant to [TEX. GOV'T CODE ANN.] § 54.012. Richard objected, stating that there was no appeal from a master's ruling from a trial on the merits conducted in accordance with

§ 54.005(b) of the Government Code. At the hearing concerning whether the appeal to the referring district court was proper, the district judge granted judgment based upon the master's recommendations, without hearing additional evidence. The trial judge stated that he believed that Cynthia had waived her right to appeal to the referring court by failing to object prior to the master hearing the trial on the merits pursuant to § 54.012(b).

By her first point of error, Cynthia complains that the trial court erred by refusing to conduct a *de novo* hearing. She argues that she did not waive her right to appeal to the referring court by allowing the case to be heard by the master.

The master in this case was a family law master appointed under the authority of TEX. GOV'T CODE ANN. §§ 54.001–54.018 (Vernon 1988). To be eligible for appointment, the master must meet the requirements and qualifications to serve as a judge of a court to which the master was appointed. TEX. GOV'T CODE ANN. § 54.002 (Vernon 1988). The judge of a court may refer a trial on the merits to a master unless one or more of the parties files a written objection to the master hearing the trial. TEX. GOV'T CODE ANN. § 54.005(b). If there is an objection, the referring court shall hear the case. *Id.* Section 54.005(b) describes a trial on the merits as an adjudication from which an appeal may be taken to the Court of Appeals.

The Government Code provides that *any* party is entitled to a hearing by the judge of the referring court if within three days after the master gives notice an appeal is filed. TEX. GOV'T CODE ANN. § 54.012(a) (Vernon 1988). The Code further provides that parties may waive the right to an appeal to the referring court prior to any hearing before the master. TEX. GOV'T CODE ANN. § 54.012(i) (Vernon 1988). On appeal to the referring court, the parties may present witnesses as in a trial *de novo*. TEX. GOV'T CODE ANN. § 54.012(e) (Vernon 1988).

Richard argues in his reply brief that absence of objection prior to a trial on the merits before the master waived Cynthia's

right of appeal to the referring court. He claims that the legislature obviously intended § 54.005(b) to preclude the right to appeal. Otherwise, the losing party is afforded the right to two trials on the merits.

Section 54.005 establishes a hierarchy of matters that may be referred to the master. Some require express consent by the parties before referral, some may be referred if there is no objection to the referral, and some may be referred without the participation of the parties in the decision.

Section 54.005, entitled "Cases That May Be Referred" consists of four sub-sections, (a) through (d). Subsection (a) is a listing of particular matters that may be referred to a master for hearing including (a)(14) which states "any other matter referred by the judge that is in the jurisdiction of the court...." As such, subsection (a) is a general grant of authority for the court to refer all matters to the master. Subsection (b) allows a final trial on the merits to be referred *"unless one or more parties files a written objection "* to the master hearing the trial, and then defines a trial on the merits to be a final adjudication on which an appeal may be taken to a court of appeals. This expressly allows a party to object and to bar a master from hearing a final trial on the merits. Similarly, subsection (c) requires the parties to expressly consent in writing to the master hearing a final trial on the merits to terminate parental rights.

We believe that § 54.005(b) means only that the trial court needs the permission of the parties to refer the master the case on the merits. It does not provide for waiver of the right to appeal to the referring court. Nowhere in § 54.005 does it state that there is no appeal to the referring court. To the contrary, § 54.012(a) specifically states that a party is entitled to an appeal to the referring court if timely requested, and the parties have not waived the right of appeal in writing on the record in accordance with § 54.012(i) prior to the hearing before the master.

We hold that Cynthia was entitled to appeal the master's decision to the referring court and she has not waived her right

of appeal by her failure to object to the matter being referred to the master. We sustain point one and remand the case to the district court. Appellant's other points are not dispositive in view of our holding under point one.

The judgment of the trial court is REVERSED and REMANDED.