**Vicki J. Taff SANTIKOS, Appellant,**

v.

**Nick James SANTIKOS, Appellee.**

**No. 01–95–00167–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1996.

Rehearing Overruled Feb. 29, 1996.

Shawn Casey, Houston and Michael A. Kahn, Humble, for appellant.

Bruce Baughman, Baytown, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and MIRABAL, JJ.

**OPINION**

WILSON, Justice.

The appellant, Vicki Santikos (Vicki), appeals from the trial court's denial of her appeal from an associate judge's report. In two points of error, she contends the trial court erred by (1) not conducting a hearing de novo on her appeal from the associate judge's report and (2) changing the express terms of the division of property set out in the divorce decree by its clarification order. We reverse and remand.

Vicki initially filed a motion requesting leave to file petition for writ of mandamus. The motion was granted by order of this Court on November 8, 1994. As the actions by the trial court complained of in the mandamus proceeding are the subject of this appeal, this Court ordered the mandamus and appeal be taken together. As the issues involved in both actions may be resolved in the direct appeal before this Court, we withdraw our order granting leave to file the petition for writ of mandamus as improvidently granted and deny the motion for leave to file petition for writ of mandamus by separate opinion filed in that case. *See Santikos v. Elliott,* No. 01–94–01071–CV, 1996 WL 37842 (Tex.App.—Houston [1st Dist.], January 29, 1996, orig. proceeding) (not designated for publication).[1]

---

1. The referring trial court judge in that proceeding was the Hon. William M. Elliott, and the associate judge was the Hon. Lynn Thrower.

### Summary of facts

Vicki was divorced from Nick on December 9, 1992, when the parties' final decree of divorce was entered by the trial court. In April 1993, Nick received $154,446.79 in settlement of a suit he had pending against Exxon at the time of the divorce. When Vicki learned of the settlement, she filed a "Motion for Enforcement and Order to Appear" with the trial court, seeking to enforce a provision of the decree which awarded her one-half of the net proceeds received from that suit.

> The divorce decree states, in relevant part: [Vicki] is awarded the following as [her] sole and separate property, and [Nick] is divested of all right, title, interest and claim in and to such property:
>
> . . . .
>
> 7. One-half (½) the net (net defined as less attorney fees and court costs)[2] of all consideration received from that certain claim made by [Nick] in a suit referenced as No. 89–014389, styled Nick J. Santikos, et al v. Exxon Company, U.S.A., et al, payable to her by [Nick] on or before 10 days of receipt by or credit to [Nick].

The trial court referred Vicki's "Motion for Enforcement and Order to Appear" to an associate judge, who held an oral hearing and signed his written report to the trial court on July 22, 1994. The associate judge found Nick was required to pay into the court registry one-half of five percent of the settlement with Exxon, as that was the portion of the settlement the judge determined to be community property.

On July 25, 1994, Vicki filed a "Notice of Appeal from Master's Hearing," asserting her right to appeal the associate judge's report and requesting the referring court set the matter for a hearing de novo. However, on July 28, 1994, the referring trial court signed an "Order On Motion for Enforcement and Clarification of Prior Order," indicating its adoption of the master's findings

on behalf of the court. The trial court found 95 percent of the net proceeds recovered by Nick from the suit against Exxon was his separate property and ordered him to pay one-half of the remaining five percent into the court registry. As her appeal of the associate judge's findings was still pending, Vicki filed a motion requesting the trial court vacate its July 28th order.[3]

On August 23rd, both parties appeared before the referring trial court for the purpose of hearing Vicki's appeal from the associate judge's decision. At the outset of the hearing and before the presentation of any evidence, Vicki addressed, as a threshold matter, the trial court's July 28th order. Counsel for Vicki stated:

> Your Honor, there's two matters that the Court needs to address before we get into actual testimony in this matter.
>
> The first one is that on the 28th of July this Court signed an Order in effect at that time disposing of this case. Apparently the Court was not aware that an appeal had been filed and was pending.
>
> And I would ask the Court at this time to vacate and set aside that Order which was signed by you on July 28, Judge.

The parties then discussed the timeliness of the appeal, and argued before the trial court whether the filing of the appeal necessarily meant that the July 28th order had to be vacated. The trial court then stated, "The court is not going to vacate the order, but I will hear the appeal." Counsel for Vicki then continued to urge that the July 28th order had to be vacated, arguing, "[Y]ou cannot hear an appeal . . . when you have a final judgment sitting there in the file as having been signed by you."

Without presentation of any evidence, the hearing ended in the following exchange:

> The Court: The ruling of the Court is that the Court is not going to set aside the Master's Order—the effective Order as of July—when was it?

2. This parenthetical portion is a handwritten and initialed addition to the decree.

3. The record contains an "Amended Notice of Hearing and Order to Appear" that was signed August 4, 1994, and states Vicki's notice of appeal from the associate judge's hearing was "timely filed on July 25, 1994." This notice ordered the parties to appear for a hearing on the appeal on August 23, 1994.

[Nick's counsel]: Signed on the 28th, heard on the 22nd.

[Vicki's counsel]: Are you denying our appeal?

The Court: Denying your appeal.

The trial court reduced the foregoing oral rulings to writing in an order filed October 3, 1994. The trial court denied Vicki's motion to vacate his July 28th order and denied "all relief requested ... in her Notice of Appeal of Associate Judge's Ruling ... including a trial de novo by the referring judge[.]"

**Right to hearing de novo**

We initially consider Vicki's second point of error, as resolution of that point is dispositive of this appeal. In her second point of error, Vicki argues the referring trial court committed error by not granting her a hearing de novo on her appeal of the associate judge's findings after she had timely filed an appeal pursuant to former TEX.GOV'T CODE ANN. § 54.012.[4]

Former section 54.010 of the Government Code, concerning proceedings involving associate judges or masters, provided in relevant part:

(a) At the conclusion of any hearing conducted by a master and on the preparation of a master's report, the master shall transmit to the referring court all papers relating to the case, with the master's signed and dated report.

(b) After the master's report has been signed, the master shall give to the parties participating in the hearing notice of the substance of the report. . . .[5]

Former section 54.011 provided:

After the master's report is filed, and *unless the parties have filed a written notice of appeal to the referring court*, the referring court may adopt, approve, or reject the master's report, hear further evidence, or recommit the matter for further proceedings as the referring court considers proper and necessary in the particular circumstances of the case.[6]

(Emphasis added.) Former section 54.012 also provided, in part:

(a) Any party is *entitled* to a hearing by the judge of the referring court, if *within three days* ... after the master gives the notice required in Subsection (b) of Section 54.010, an appeal of the master's report is filed with the referring court.

. . . .

(e) On appeal to the referring court, the parties may present witnesses as in a hearing de novo on the issues raised in the appeal.[7]

(Emphasis added.) Further, former section 54.013 provided:

If an appeal to the referring court is not filed or the right to an appeal to the referring court is waived, the findings and recommendations of the master become the decree or order of the referring court only on the referring court's signing an order or decree conforming to the master's report.[8]

Here, the associate judge signed his written report and gave notice to the parties of his findings on July 22nd. Therefore, Vicki's appeal of those findings to the referring trial court was timely filed on July 25th.

A party who timely appeals from the report of a family court master is entitled to a hearing de novo before the referring court. *State of Texas ex rel. Latty v. Owens*, 907

---

**4.** Act of June 18, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex.Gen.Laws 2507, 2519–20, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(3), 1995 Tex.Gen.Laws 113, 282. Section 3 of the repealing act provides, "A proceeding pending on the effective date of this Act [April 20, 1995] is governed by the law ... in effect for that purpose." The current statutory provisions relating to associate judges are found at TEX.FAM CODE ANN. § 201.001 et seq. (Vernon Pamph.1996).

**5.** Act of June 18, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex.Gen.Laws 2507, 2519, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(3), 1995 Tex.Gen.Laws 113, 282.

**6.** Act of June 18, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex.Gen.Laws 2507, 2519, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(3), 1995 Tex.Gen.Laws 113, 282.

**7.** Act of June 18, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex.Gen.Laws 2507, 2519–20, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(3), 1995 Tex.Gen.Laws 113, 282.

**8.** Act of June 18, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex.Gen.Laws 2507, 2520, *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(3), 1995 Tex.Gen.Laws 113, 282.

S.W.2d 484, 484 (Tex.1995); *see Vaughan v. Vaughan,* 805 S.W.2d 913, 914 (Tex.App.—Corpus Christi 1991, writ denied) (under section 54.012(a), "[A] party is entitled to a hearing by the judge of the referring court if within three days after the master gives notice an appeal is filed."); *Ex parte Haskin,* 801 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1990, orig. proceeding) (trial court wrongfully refused to allow proper appeal from master's decision; accordingly, incarceration, pursuant to master's decision, for failure to pay child support, was illegal, and court of appeals granted relator's application for writ of habeas corpus).[9]

■ We conclude Vicki is entitled to a hearing de novo before the referring court on her appeal of the associate judge's findings. We hold it was error for the referring trial court to enter its order of July 28 before conducting a hearing de novo on Vicki's appeal and to deny her appeal without conducting such a hearing. Therefore, we sustain Vicki's second point of error.

■ Although a referring trial court should hold a hearing on a party's appeal before signing an order adopting a master's report, its failure to do so will not deprive it of jurisdiction to issue the order and will not make the order void. *Latty,* 907 S.W.2d at 485. Such an order is still a final appealable order. *Id.* Therefore, we conclude the referring court's order of July 28 adopting the associate judge's findings was a final appealable order.

We reverse the trial court's order of July 28 and remand the case for a hearing de novo on Vicki's appeal of the associate judge's report.

**Substantive effect of the referring court's order**

In her first point of error, Vicki contends the referring trial court erred in changing the terms of the parties' divorce decree by its order determining she was entitled to payment of only one-half of five percent of the

proceeds received by Nick from Exxon. Vicki argues the trial court's order was improper as it was a modification, rather than a clarification, of the terms of the decree.

The record before this Court contains no statement of facts from hearings before the associate judge, if any were conducted.[10] No evidence or testimony was presented to the referring trial court. We have nothing to review to determine what evidence or testimony the associate judge used to formulate his report, or what was subsequently used as the basis of the referring court's order. Further, since we determine Vicki is entitled to a hearing de novo on her appeal of the associate judge's report, we need not reach the issue of whether the referring trial court's order was a modification or proper clarification of the terms of the decree. Accordingly, we do not consider Vicki's first point of error.

We reverse the trial court's order of July 28 and remand the case for a hearing de novo on Vicki's appeal of the associate judge's report.

9. *See also Waddell v. Huckabee,* 807 S.W.2d 455, 458 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (mandamus relief from trial court's order denying relator's motions, heard only by the master, granted, where master failed to comply with section 54.010 and to file recommendations and "relator was deprived of her statutory right to appeal the findings, conclusions, and recommendations of the master" to the respondent judge).

10. At the hearing before the referring trial court on August 23, 1994, counsel for Vicki stated a hearing was held by the associate judge but no evidence was introduced.