In the Interest of T.S., E.S., V.S.

No. 14–05–00284–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 2006.

Michelle Alies Stover, Angleton, Kim Richardson, Freeport, for appellants.

Kim Richardson, for Christina Sharp.

Courtney Gilbert, Trey David Picard, Angleton, for appellees.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

This is an appeal from a judgment terminating the parental rights of a mother and a father to three minor children. The presiding judge of the trial court referred the petition for termination of the parent-child relationships to an associate judge. Based on the jury's verdict, the associate judge recommended in her report that both parents' parental rights be terminated as to all three children. In adopting the associate judge's report, the presiding judge of the trial court determined that the parents had no right to appeal the associate judge's report because the parents did not object to the referral of this matter to the associate judge under section 201.005(c) of the Family Code. The presiding judge made this determination even though the parents had timely appealed the associate judge's report under sections 201.015 and 201.2042 of the Family Code.

Based on this determination, the presiding judge of the trial court refused to hear the parents' appeal of the associate judge's report. We conclude that the failure to object under section 201.005(c) of the Family Code did not deprive the parents of their right to appeal the associate judge's report under sections 201.015 and 201.2042; therefore, we reverse the trial court's judgment and remand to the trial court so that the presiding judge can hear the parents' appeal of the associate judge's report.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants Christina Sharp ("Christina") and Todd Sharp ("Todd") are the parents of three children, T.S., E.S., and V.S. The Brazoria County Children's Protective Services (hereinafter referred to as "CPS") removed the children from Christina and placed them in protective custody. CPS filed a petition seeking, among other things, to terminate the parent-child relationships for all three of the children. The presiding judge of the trial court referred the trial of this petition to an associate judge. The parties agree that the associate judge was appointed under section 201.201 of the Family Code. Christina and Todd did not object to having an associate judge preside at the jury trial in this matter. After the jury returned a verdict in favor of terminating Christina's and Todd's parental rights as to all the children, the associate judge issued a report in the form of a proposed judgment terminating their parental rights in accordance with the jury's verdict. This report gave Christina and Todd notice that, under section 201.015 of the Family Code, they had a right to appeal the associate judge's findings and recommendations. Within three days of their receipt of the associate judge's report, Christina and Todd each filed an appeal of that report.

CPS filed a motion to set aside the appeals, asserting that, even though Christina and Todd had timely appealed the associate judge's report under sections 201.015 and 201.2042 of the Family Code, they had no right to appeal the associate judge's report because they did not object to the referral of this matter to the associate judge under section 201.005(c) of the Family Code. In this motion, CPS asked the presiding judge of the trial court to accept the associate judge's report without entertaining the appeals filed by Christina and Todd. After a hearing, the presiding judge granted CPS's motion to set aside Christina's and Todd's appeals, stating that their proper appellate avenue is to appeal to the court of appeals. Subsequently, Christina and Todd appealed to this court.

## II. Issues Presented

In addition to challenging the legal and factual sufficiency of the evidence supporting the jury's findings, Christina and Todd each assert in their respective first issues that, because they timely appealed the associate judge's report, the trial court reversibly erred in refusing to conduct an appeal under sections 201.015 and 201.2042 of the Family Code.

## III. Analysis

**A. Does section 201.005 of the Texas Family Code deprive Christina and Todd of their right to appeal under sections 201.015 and 201.2042?**

The record reflects that Christina and Todd timely perfected appeals of the associate judge's report to the referring court under sections 201.015 and 201.2042 of the Family Code. CPS does not dispute that Christina's and Todd's appeals were timely and properly perfected under these sections; rather, CPS asserts that these sections do not apply. Although it has not

asserted this argument on appeal, in the trial court, CPS asserted in its motion, and the trial court agreed, that a party who fails to timely object to the referral to an associate judge under section 201.005(c) of the Family Code waives his right to appeal to the referring court and must appeal directly to the court of appeals. *See* Tex. Fam.Code Ann. §§ 201.005, 201.015 (Vernon 2002). In pertinent part, section 201.005 provides:

(b) Unless a party files a written objection to the associate judge hearing a trial on the merits, the judge may refer the trial to the associate judge. A trial on the merits is any final adjudication from which an appeal may be taken to a court of appeals.

(c) A party must file an objection to an associate judge hearing a trial on the merits or presiding at a jury trial not later than the 10th day after the date the party receives notice that the associate judge will hear the trial. If an objection is filed, the referring court shall hear the trial on the merits or preside at a jury trial.

Tex. Fam.Code Ann. § 201.005. In the trial court, CPS asserted that, under section 201.005(c), Christina and Todd had ten days to object to the associate judge hearing a trial on the merits or presiding at a jury trial. *See id.* According to CPS's motion, section 201.005(b) defines "a trial on the merits" as "any final adjudication from which an appeal may be taken to a court of appeals." *See id.* CPS asserted in the trial court that, based on this definition, by failing to object to the associate judge's hearing "a trial on the merits," Christina and Todd agreed that the associate judge's ruling would be final and appealable only to the court of appeals. There are several deficiencies in this argument.

First, the language in section 201.005 upon which CPS relies appears to apply only to bench trials. The statute states that parties must file a timely objection "to an associate judge hearing a trial on the merits or presiding at a jury trial." *See id.* In this case, the associate judge presided at a jury trial; she did not hear the merits of the case in a bench trial. Therefore, the language upon which CPS relies appears not to apply.

██ Even if the language in question applied to an associate judge's report following a jury trial, it does not state that the parties must appeal directly to the court of appeals without appealing to the referring court. Under CPS's statutory construction, an associate judge's report would constitute the final order of the referring court, with no opportunity for any party to appeal to the referring court, in every case tried to an associate judge and in every jury trial over which an associate judge presided. CPS's construction would render the following statute meaningless as to all parties involved in trials conducted by associate judges:

§ 201.015. Appeal to Referring Court

(a) A party may appeal an associate judge's report by filing notice of appeal not later than the third day after the date the party receives notice of the substance of the associate judge's report as provided by Section 201.011.

(b) An appeal to the referring court must be in writing specifying the findings and conclusions of the associate judge to which the party objects. The appeal is limited to the specified findings and conclusions.

(c) On appeal to the referring court, the parties may present witnesses as in a hearing de novo on the issues raised in the appeal. The court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury, if the record was taken by a court reporter.

(d) Notice of an appeal to the referring court shall be given to the opposing attorney under Rule 21a, Texas Rules of Civil Procedure.

(e) If an appeal to the referring court is filed by a party, any other party may file an appeal to the referring court not later than the seventh day after the date the initial appeal was filed.

(f) The referring court, after notice to the parties, shall hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court.

(g) Before the start of a hearing by an associate judge, the parties may waive the right of appeal to the referring court in writing or on the record.

(h) Denial of an appeal under this section or waiver of the right to appeal to the referring court does not affect the right of a party to file a motion for new trial, motion for judgment notwithstanding the verdict, or other post-trial motion.

(i) A party may not demand a second jury on appeal of an associate judge's report, including any proposed order, resulting from a jury trial.

TEX. FAM.CODE ANN. § 201.015. Section 201.015 allows an appeal by "a party" who satisfies the procedural requirements of that section; it does not exclude parties who failed to object to the referral of the trial to an associate judge. *See id.* CPS asserts that allowing appeals of reports by associate judges in termination cases would make it difficult for trial courts to comply with the statutory deadlines for rendering a final order in parental-termination cases. *See* TEX. FAM.CODE ANN. § 263.401(a),(b) (Vernon 2002). CPS overlooks the fact that section 201.015 states

that referring courts shall hear appeals of reports by associate judges within thirty days of the filing of the first appeal. *See* TEX. FAM.CODE ANN. § 201.015(f).

■ In addition, we note that the associate judge in this case was appointed under Subchapter C of Chapter 201 of the Family Code. *See* TEX. FAM.CODE ANN. § 201.201 *et seq.* (Vernon Supp.2005). Appeals to the referring court from reports of associate judges appointed under this provision are governed by the following statute:

Appeal to Referring Court

(a) Except as provided by this section, Section 201.015 applies to an appeal of the associate judge's recommendations.

(b) The party appealing an associate judge's recommendation shall file notice with the referring court and the clerk of the court.

TEX. FAM.CODE ANN. § 201.2042 (Vernon Supp.2005). This section, with one modification, incorporates the appellate procedures from section 201.015; it does not state that section 201.005 applies to appeals from Subchapter C associate judges. *See id.*

We agree with the only other appellate court that has addressed this issue that the language in section 201.005(b) and (c) does not deprive parties of their right to appeal to the referring court. *See Vaughan v. Vaughan*, 805 S.W.2d 913, 914–15 (Tex.App.-Corpus Christi 1991, writ denied) (holding that same language in predecessor statute to section 201.005(b) and (c) did not deprive wife of her right to appeal the family law master's recommendations to the referring court following trial of divorce and custody issues before the family law master); *see also Santikos v. Santikos*, 920 S.W.2d 731, 732–34 (Tex. App.-Houston [1st Dist.] 1996, writ denied) (holding that referring court erred in signing an order adopting the associate judge's report before it held a hearing on the ex-

wife's appeal under section 210.015 because a party who timely files an appeal under section 210.015 is entitled to a hearing thereon). Therefore, we conclude the presiding judge of the trial court erred in granting CPS's motion to set aside the appeals and refusing to entertain Christina's and Todd's appeals. *See Vaughan*, 805 S.W.2d at 914–15.

**B. Are CPS's other arguments in support of the trial court's denial of an appeal to the referring court meritorious?**

On appeal, CPS does not present the section 201.005 argument asserted in its trial-court motion to set aside the appeals. However, on appeal CPS makes the following arguments that it did not present to the trial court:

(1) Section 263.404 of the Family Code provides a comprehensive outline governing final orders in suits affecting the parent-child relationship.

(2) Section 263.405(a) requires that appeals from orders terminating the parent-child relationship be accelerated.

(3) Under Section 263.405(c), the period of time to perfect an appeal is not extended by timely filed post-judgment motions or requests for findings of fact and conclusions of law.

(4) Section 263.405(b) requires the filing of a statement of points within 15 days of the trial court's final order.

(5) Section 263.405 does not provide for an appeal to the referring court following a trial conducted by an associate judge.

(6) Section 263.405(d) only requires that the trial court hold a hearing within thirty days after the final order is signed as to whether a new trial should be granted, whether a party's

claim of indigence, if any, should be sustained, and as to whether the appeal is frivolous.

(7) Section 201.015 does not mandate a de novo hearing in all appeals of associate judges' reports to the referring court.

(8) The requests by Christina and Todd for a de novo appeal under section 201.015 violate CPS's rights to a jury trial and the statutory requirement under section 105.002(c)(1)(A),(B), and (C) that the trial court not contravene the jury's verdict as to appointment of a conservator.

 We conclude these arguments lack merit. Section 263.404 is not a comprehensive outline of final orders; rather, it applies only to final orders appointing CPS as managing conservator *without* terminating parental rights. *See* Tex. Fam. Code Ann. § 263.404 (Vernon 2002). CPS's arguments regarding section 263.405 do not affect our analysis in this case. Section 263.405 deals with various procedures relating to appeals from certain final orders under Chapter 263, including final orders terminating parental rights. *See* Tex. Fam.Code Ann. § 263.405 (Vernon 2002). However, this section is silent as to whether parties may appeal an associate judge's report to the referring court. *See id.* Moreover, in many of CPS's arguments under this section, CPS presumes that the associate judge's report constituted the final order; however, in its order granting CPS's motion to deny the appeals to the referring court, the trial court stated that its order setting aside the appeals was to be the final order in the case. Therefore, CPS incorrectly presumes that the associate judge's report was the final order.

Furthermore, CPS's arguments regarding whether a de novo hearing is discretionary under section 201.015 do not support the trial court's ruling that Christina and Todd were entitled to no appeal whatsoever under section 201.015. Because this argument is premature and not relevant to the issues before us, we do not address it. Likewise, the eighth argument listed above is not before us. In any event, we note that the parties' right to a jury trial was respected. A jury trial did occur. Furthermore, based on the manner in which the jury answered the charge, it rendered a verdict only on parental-termination issues, not on issues regarding appointment of a conservator.

Because it is necessary for the trial court to hear Christina's and Todd's appeals, we do not reach their arguments on the merits regarding the legal and factual sufficiency of the evidence. *See Santikos,* 920 S.W.2d at 734 (stating that, because remand was necessary for hearing of appeal from associate judge's report, court of appeals would not reach merits of the case). Accordingly, we sustain Christina's and Todd's respective first issues, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.