**Jorene Cowen HARRELL, Appellant,**

v.

**James David HARRELL, Appellee.**

No. 08–97–00545–CV.

Court of Appeals of Texas,
El Paso.

Aug. 31, 1998.

Christopher M. Weil, Weil & Petrocchi, P.C., Dallas, for Appellant.

Frank Edward Kohn, Dallas, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

Jorene Cowen Harrell appeals the trial court's refusal to conduct a hearing de novo before signing an order adopting the associate judge's recommendation. We reverse the judgment of the trial court.

### I. *Procedural History*

On July 3, 1997, Associate Judge Marilea H. Lewis entered a written recommendation modifying the child support payments due by Appellee. The recommendation reduced Appellee's monthly child support payments. On July 7, 1997, Appellant timely filed her Notice of Appeal to the referring court in accordance with section 201.015(a) of the Family Code.[1]

On August 15, 1997, counsel for the Appellee sent a telephonic document to Appellant's counsel. The letter stated, "I have received your letter of August 14th notifying us of the August 27, 1997 hearing set on the appeal of the associate judge's recommendation on the modification." In a later facsimile transmission, Appellant's counsel again indicated that the trial on the child support modification was set for August 27, 1997. This facsimile requested a hearing be set prior to the trial on this issue.

On August 22, 1997, the Honorable Bill F. Coker, Judge of the 191st Judicial District Court, sitting in for the referring judge of the 330th Judicial District Court, signed an order adopting the associate judge's recommendation. At trial on August 27, 1997, the presiding judge refused to allow Appellant to proceed with the appeal of the associate judge's recommendation because the appeal was not commenced within thirty days. This appeal follows.

### II. *DISCUSSION*

■ Section 201.015 of the Family Code (formerly TEX. GOV'T CODE ANN. § 54.012 (Vernon 1988)), which is dispositive of this case, states as follows:

---

1. *See Peacock v. Humble,* 933 S.W.2d 341, 342–43 (Tex.App.—Austin 1996, orig. proceeding).

(a) A party may appeal an associate judge's report by filing notice of appeal not later than the third day after the date the party receives notice of the substance of the associate judge's report as provided by Section 201.011.

(b) An appeal to the referring court must be in writing specifying the findings and conclusions of the associate judge to which the party objects. The appeal is limited to the specified findings and conclusions.

(c) On appeal to the referring court, the parties may present witnesses as in a hearing de novo on the issues raised in the appeal.

(d) Notice of an appeal to the referring court shall be given to the opposing attorney under Rule 21(a), Texas Rules of Civil Procedure.

(e) If an appeal to the referring court is filed by a party, any other party may file an appeal to the referring court not later than the seventh day after the date the initial appeal was filed.

(f) The referring court, after notice to the parties, shall hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court.

(g) Before the start of a hearing by an associate judge, the parties may waive the right of appeal to the referring court in writing or on the record.

TEX. FAM.CODE ANN. § 201.015 (Vernon 1996).

■■■ A party who timely appeals from the report of a family court master is entitled to a hearing de novo before the referring court. *State of Texas ex rel. Latty v. Owens*, 907 S.W.2d 484, 484 (Tex.1995); *Santikos v. Santikos*, 920 S.W.2d 731, 733–34 (Tex. App.—Houston [1st Dist.] 1996, writ denied). It is clear that the purpose of section 201.015(f) is to require the prompt resolution of appeals from associate judge's rulings. *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 1994, orig. proceeding). We also interpret the word "shall" in section 201.015(f) to be mandatory. *Id.* The referring court does not lose its jurisdiction if it fails to hear an appeal from a master's recommendation within thirty days after the

appeal is filed. *Id.* Rather, the mandatory provision affords the parties the right to compel the district court to hear the case promptly. *Id.* section 201.015(f) is a deadline, a procedural requirement for the trial court, not the parties. Once a party has filed its notice of appeal, it has completed the prerequisites necessary to entitle it to have a de novo hearing.

■■■ In the instant case, Appellant timely filed a notice of appeal. To promptly resolve this dispute, the parties set the issue for trial on August 27, 1997 before the referring court. By signing the August 22, 1997 order, the referring court effectively denied Appellant her right to a de novo hearing. Because section 201.015(f) is not a jurisdictional prerequisite to a de novo hearing, the referring court is not statutorily precluded from conducting the de novo hearing outside the thirty day window. In this case, the trial court indicated its willingness and intention to hear the matter de novo outside of this window when it set the issue for trial on August 27, more than thirty days after the notice of appeal. While Appellant certainly had the ability to pursue mandamus relief with regard to the trial court's failure to set the matter within thirty days, she was also entitled to acquiesce in a later trial setting. To disallow her de novo proceeding five days before the scheduled trial date is the perfect example of the childhood proverbial "King's X." The deadline is designed to be enforced by the complainant against the trial court, and not vice versa, simply because with limited exceptions the complainant is statutorily obligated to comply with the order of the associate judge pending the de novo proceeding. TEX. FAM.CODE ANN. § 201.013(a) (Vernon 1996).

We hold it was error for the referring court to enter its order of August 22, 1997 before conducting a de novo hearing on Appellant's appeal. *Santikos*, 920 S.W.2d at 734. Therefore, we sustain Appellant's first issue on appeal. Because we find this issue dispositive, we do not consider Appellant's remaining similar issues.

Having sustained Appellant's point of error, we reverse the trial court's order of

August 22, 1997 and remand the case for a hearing de novo on Appellant's appeal of the associate judge's recommendation.