**In the Interest of E. M., S. M., J. M., and O. M., Children.**

**No. 13–00–131–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 23, 2001.

Fernando M. Galvan, Brownsville, Attorney for Appellant.

Duke Hooten, Texas Department of Protective and Regulatory Services, Boerne, John A. Olson, Assistant County and District Attorney, Carlos Masso, District Attorney's Office, Brownsville, Attorneys for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CANTU.[1]

## OPINION

RODRIGUEZ, Justice.

Appellant, father of E.M., S.M., J.M., and O.M., appeals from the district court's[2] refusal to conduct a hearing *de novo* on his appeal of an associate judge's order terminating his parental rights. We affirm.

In January 2000, the Texas Department of Protective and Regulatory Services (TDPRS) initiated a proceeding to terminate appellant's parental rights to his four children. An associate judge was appointed to conduct the proceeding. *See* Tex. Fam.Code Ann. § 201.001(a) (Vernon Supp. 2001). After hearing the case, the associate judge signed an order involuntarily terminating appellant's rights. The order contained, *inter alia*, the following findings:

> 7.1 The Court finds by clear and convincing evidence that termination of the parent-child relationship between [appellant and O.M., E.M., S.M. and J.M.] is in the best interest of the children.
>
> 7.2 The Court finds by clear and convincing evidence that [appellant] has
>
> 7.2.1 engaged in conduct or knowingly placed the children with persons who engaged in conduct that en-

---

1. Retired Justice Antonio Cantu assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon 1998).

2. The district court referred this matter for hearing before an associate judge. *See* Tex. Fam.Code Ann. § 201.001(a) (Vernon Supp. 2001). Therefore, the district court will be described as the referring court throughout this opinion.

dangers the physical or emotional well-being of the children; [§ 161.001(1)(E), Tex.Fam.Code]

7.2.2 been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following sections: [§ 161.001(1)(L), Tex.Fam.Code] § 22.021 (aggravated sexual assault).

Without specifying the findings and conclusions of the associate judge to which he objected, appellant timely filed a notice of appeal with the referring court. *See* TEX. FAM.CODE ANN. § 201.015(a), (b) (Vernon Supp.2001). Without a hearing, the referring court signed the order approving and adopting the associate judge's recommendations. Appellant subsequently filed specific objections to the three findings identified above and requested a hearing *de novo*. In response, TDPRS filed a motion to deny the appeal. Following a hearing on TDPRS's motion, the referring court denied appellant's request for a hearing *de novo*.

■ By a single issue appellant contends the referring court erred in refusing to conduct a *de novo* hearing on his appeal of the associate judge's findings. Appellant asserts it is not necessary that a notice of appeal specify the findings and conclusions to which a party objects. He claims it is only necessary to specify the objections at some point during the appeal. We disagree.

In *Attorney General of Texas v. Orr*, 989 S.W.2d 464, 467 (Tex.App.—Austin 1999, no pet.), the Attorney General filed a written notice of appeal three days after the associate judge announced her recommended ruling. *See id.* In the notice of appeal, the Attorney General specified the findings and conclusions to which he objected, and asked for a hearing before the referring court. *See id.* at 469. The *Orr* court noted that the Attorney General "complied with each statutory requirement for obtaining a *de novo* hearing before the referring court." *Id.* at 469; *see Phagan v. Aleman*, 29 S.W.3d 632, 634 (Tex.App.— Houston [1st Dist.] 2000, no pet.) (once notice of appeal filed, trial judge must conduct hearing *de novo* addressing issues raised).

The *Orr* court directly commented on the issue of whether a party is required to specify the associate judge's findings and conclusions to which the party objects in the notice of appeal. The court first stated that,

[a]ny party may appeal the associate judge's report to the referring court by timely filing a notice of appeal specifying the findings and conclusions to which the party objects. A party who files a notice of appeal to the referring court in compliance with the Family Code is entitled to a *de novo* hearing before that court.

*Orr*, 989 S.W.2d at 467. The court later stated that "the appeal to the referring court is limited to the findings and conclusions specified in the notice of appeal." *Id.* at 468 n. 2. Finally, the *Orr* court stated that,

[a] party may appeal an associate judge's report by filing a notice of appeal not later than the day after the date he receives notice of the substance of the report. A notice of appeal must

be in writing specifying the associate judge's findings and conclusions to which the party objects.... [W]hen a notice of appeal is properly filed, the requirement that the referring court hold a *de novo* hearing is mandatory [and the appellate court presumes] that the failure to hold such a hearing is harmful.

*Id.* at 468–69 (internal citations omitted).

Furthermore, "[j]udicial review by trial *de novo* is not a traditional appeal, but a new and independent action characterized by all the attributes of an original civil action." *Id.* at 467 (citing *Key W. Life Ins. Co. v. State Bd. of Ins.*, 163 Tex. 11, 350 S.W.2d 839, 846 (1961); *Godwin v. Aldine Indep. Sch. Dist.*, 961 S.W.2d 219, 221 (Tex.App.—Houston [1st Dist.] 1997, pet. denied)). Because an appeal to the referring court is limited to the findings and conclusions specified in the notice of appeal, filing a notice of appeal restarts the process only to the extent of the challenged findings. *Orr*, 989 S.W.2d at 468 (citing Tex.Fam.Code Ann. § 201.015(b)). The effect of the appeal is to begin again only as to the issues appealed. *See id.*

It is apparent that the statute provides no other vehicle through which appellant may challenge the findings of the associate judge and, thus, focus on the issues for the *de novo* hearing. We conclude, therefore, to be entitled to a *de novo* hearing on appeal of an associate judge's recommendations to the referring court, a party must timely file a written notice of appeal containing the associate judge's findings and conclusions to which the party objects. *See id.* at 467; *see also* Tex.Fam. Code Ann. § 201.015(a), (b) (Vernon Supp. 2001).

Although appellant's notice of appeal was timely filed, it did not contain his objections to any specific findings or conclusions. Because appellant failed to comply with the requirements under section 201.015, we conclude he is not entitled to a *de novo* hearing of his appeal of the associate judge's recommendation.[3] Accordingly, the referring court did not err by denying appellant's request for a *de novo* hearing. Appellant's sole issue is overruled.

We affirm the referring court's denial of appellant's request for a *de novo* hearing of his appeal of the associate judge's recommendation.

---

**3.** Appellant also asserts that *Harrell v. Harrell,* 986 S.W.2d 629 (Tex.App.—El Paso 1998, no writ), supports his position. However, the timeliness of the notice of appeal was at issue in *Harrell,* not the inclusion of specific objections to findings and conclusions in the notice of appeal. *See id.* at 630–31. Thus, *Harrell* provides no support for appellant's argument.