

NUMBER 13-16-00269-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF A.A.T., D.R.M., J.Y.M., D.M.M., AND D.N.M., MINOR CHILDREN

---

### On appeal from the 430th District Court of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

In this parental rights termination case, appellant J.M. ("Father") appeals the judgment terminating his parental rights to D.R.M., J.Y.M., D.M.M., and D.N.M. (collectively "the children," unless otherwise noted).[1] By six issues, which we construe as three, Father asserts that: (1) the trial court, sitting as the referring court of this

---

[1] We will utilize aliases throughout this opinion in order to protect the identities of the minor children. *See* TEX. R. APP. P. 9.8.

termination proceeding, should have granted Father's request for a de novo hearing on his termination; but if we disagree with his first issue, (2) that the evidence was legally and factually insufficient to support the termination of his parental rights; and (3) his due process rights were violated under the United States and Texas constitution by the trial court's termination order.   We reverse and remand.[2]

## I.    BACKGROUND

On February 4, 2015, the Texas Department of Family and Protective Services ("the Department") filed a petition in the trial court for protection of A.A.T., D.R.M., and J.Y.M., for conservatorship, and for termination of the parental-child relationship between Father and the children.   On April 27, 2015, the Department filed a similar petition with regard to Father's rights to D.M.M. and D.N.M., twin sisters who were born less than a month prior to the Department's filing of the petition.   In both petitions, the Department alleged numerous statutory violations supporting termination as well as that termination was in the children's best interests.   On July 20, 2015, both petitions were consolidated into one cause number.

On February 2, 2016, a bench trial was held before an associate judge.   *See* TEX. FAM. CODE ANN. § 201.001(a) (West, Westlaw through 2015 R.S.) (discussing the appointment of an associate judge over certain family-code related cases).   In its report to the referring trial court, the associate judge found by clear and convincing evidence that Father's parental rights should be terminated and that termination was in the

---

[2] Another individual, J.R., who was found to be A.A.T.'s father, and whose parental rights to A.A.T. were terminated below is not a party to this appeal.   Furthermore, S.T., the mother of all of the children at issue in this case, also had her parental rights terminated and elected not to pursue her appeal.

children's best interests. The associate judge found that Father constructively abandoned the children, *see id.* § 161.001(b)(1)(N) (West, Westlaw through 2015 R.S.); and failed to comply with the provisions of a court order regarding abuse and neglect that specifically established actions necessary to obtain the return of D.M.M. and D.N.M. *See id.* § 161.001(b)(1)(O).

On February 4, 2016, Father filed a notice of appeal to the trial court, asserting that he objected to "all findings and conclusions resulting in the termination of his parental rights." Additionally, Father stated that he desired "to appeal from all portions of the [o]rder of [t]ermination including but not limited to the findings that it was in the best interest to terminate [Father's] parental rights and findings as to sections 15.15 and 15.15 [sic] of [the Department's] pleadings." On March 3, 2016, the trial court denied Father's appeal from the associate judge's ruling, and Father filed a motion for reconsideration of the trial court's denial. *See* TEX. FAM. CODE ANN. § 201.015 (West, Westlaw through 2015 R.S.) (providing for a de novo hearing before a referring court from an associate judge's ruling). On April 28, 2016, the trial court held a hearing on Father's motion for reconsideration and again denied the appeal. As a result, the trial court adopted the associate judge's report and ordered that the associate judge's report be made into the trial court's order. This appeal followed.

## II. DE NOVO HEARING BEFORE REFERRING COURT

By his first two issues, Father asserts that the trial court reversibly erred in failing to grant his request for a de novo hearing on the associate judge's statutory and best interest findings supporting the termination report. In its briefing to this Court, the Department concurs with Father's contentions on his first two issues and agrees that

3

Father was entitled to a de novo hearing on these matters.

The relevant portion of section 201.015 governing de novo hearings from an associate judge's report regarding a parental-rights termination proceeding states, in relevant part, the following:

> (a) A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of:
>
>> (1) the substance of the associate judge's report as provided by Section 201.011; or
>>
>> (2) the rendering of the temporary order, if the request concerns a temporary order rendered by an associate judge under Section 201.007(a)(14)(C).
>
> (b) A request for a de novo hearing under this section must specify the issues that will be presented to the referring court.
>
> (c) In the de novo hearing before the referring court, the parties may present witnesses on the issues specified in the request for hearing. The referring court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury.

TEX. FAM. CODE ANN. § 201.015. A party who timely appeals the associate judge's report is entitled to a hearing de novo before the referring court. *In re A.M.*, 418 S.W.3d 830, 835 (Tex. App.—Dallas 2013, no pet.). Furthermore, judicial review by trial de novo is not a traditional appeal, but a new and independent action characterized by all the attributes of an original civil action, only to the extent of the challenged finding—that is, the effect of the appeal is to begin again only as to the issues appealed. *In re E.M.*, 54 S.W.3d 849, 852 (Tex. App.—Corpus Christi 2001, no pet.).

The record in this case shows that Father timely filed a notice of appeal and unambiguously stated that he sought to appeal "all findings and conclusions resulting in

4

the termination of his parental rights." The associate judge made findings under sections 161.001(b)(1)(N) and (O) and that termination was in the best interests of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (West, Westlaw through 2015 R.S.). Here, Father argues—and the Department concedes—that he was entitled to a hearing de novo before the trial court on the statutory findings under section 161.001(b)(1) and whether termination was in the children's best interest. We agree with both parties. Therefore, we sustain Father's two issues because he was entitled to a hearing de novo on "all findings and conclusions resulting in the termination of his parental rights" before the referring trial court. *See In re A.M.*, 418 S.W.3d at 835.[3]

### III. CONCLUSION

We reverse the trial court's denial of Father's notice of appeal under family code section 201.015 and corresponding order that incorporates the associate judge's findings and conclusions with regard to Father only and remand this case for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of August, 2016.

---

[3] Because Father argued that the disposition of his remaining issues were contingent upon our decision on his first two issues and because we sustain Father's first two issues today, we decline to address the remaining issues set forth in Father's brief. *See* TEX. R. APP. P. 47.1.