

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00347-CV

IN RE H.F.                                                    RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 184,345-C

----------

## MEMORANDUM OPINION[1]

----------

In this mandamus proceeding, relator Mother asks this court to order the respondent trial court to vacate its order denying her motion to strike real party in interest Grandmother's plea in intervention in a suit affecting the parent-child relationship (SAPCR). We conditionally grant Mother's petition for writ of mandamus.

---

[1]*See* Tex. R. App. P. 47.4.

## I.  BACKGROUND

On April 5, 2016, the Attorney General initiated a SAPCR in the 89th District Court of Wichita County, Texas, involving Mother and Father to establish conservatorship over, and seek current and retroactive child and medical support for, their child.  The district judge referred the suit to a Title IV-D associate judge,[2] who held a hearing and signed an agreed order on June 20, 2016.  *See* Tex. Fam. Code Ann. §§ 201.101, .104(c).  On June 23, 2016, Father filed a notice of appeal in the referring court, the entire substance of which stated as follows: "Comes now, [Father], Respondent herein and gives notice that he appeals the order of the Title IV-D Court Master entered on Monday, June 21, 2016 [sic] and requests a truce [sic] de novo in the [district court]."  *See* Tex. Fam. Code Ann. § 201.1042.  That same day, Grandmother filed her original petition in intervention seeking to intervene in the SAPCR pursuant to section 102.004 of the Texas Family Code.  *See* Tex. Fam. Code Ann. § 102.004(b) (West 2014).

[2]The record reflects that there was some confusion during the hearing on Mother's motion to strike Grandmother's petition in intervention concerning the applicable statutory provisions governing the powers of associate judges and procedures for obtaining de novo review of an associate judge's orders in a SAPCR.  Chapter 201 of the Texas Family Code governs the authority of associate judges and procedures for de novo review of an associate judge's orders in SAPCR cases.  *See generally* Tex. Fam. Code Ann. §§ 201.001–.320 (West 2014 & Supp. 2016).  Relevant to this case, Chapter 201 distinguishes between an "Associate Judge," and an "Associate Judge for Title IV-D Cases." *See id.* §§ 201.001–.018 (Associate Judge), .101–.113 (Associate Judge for Title IV-D Cases).  We note that the underlying SAPCR here is a Title IV-D case, and consequently, the authority of the associate judge and the procedures for de novo review of the associate judge's orders in this case are governed by sections 201.101–.113 of the Texas Family Code.

2

On July 27, 2016, Mother filed a motion to strike Grandmother's plea in intervention and to dismiss Father's appeal of the Title IV-D associate judge's June 20, 2016 order, and the district court held a hearing on that motion on August 15, 2016. At the hearing, the crux of the disagreement between Mother and Grandmother was whether the Title IV-D associate judge's June 20, 2016 order had become final such that the SAPCR was no longer pending. After hearing argument on that issue from Mother and Grandmother, which at times became somewhat contentious, the trial court ruled that the Title IV-D associate judge's June 20, 2016 order was not a final order, denied Mother's motion to strike Grandmother's intervention, and granted Grandmother leave to intervene. On August 30, 2016, the district court signed an order memorializing both its finding that the Title IV-D associate judge's June 20, 2016 order was not a final order and its ruling denying Mother's motion to strike Grandmother's plea in intervention. The district court's August 30, 2016 order did not, however, include its ruling granting Grandmother leave to intervene that it made at the August 15, 2016 hearing.

Mother filed her petition for writ of mandamus on September 19, 2016, asking this court to vacate the trial court's order denying her motion to strike Grandmother's plea in intervention. Because we reached the tentative opinion that a serious question concerning the relief required further consideration, we requested that Grandmother respond to Mother's petition. Grandmother notified

3

us in writing that although she believes Mother's petition lacks merit, "she does not wish to continue to oppose [Mother's] [w]rit of [m]andamus request."

## II.  STANDARD OF REVIEW

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding).  Mandamus is proper if a trial court issues an order after its plenary power expires.  *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  Such an order is void and constitutes an abuse of discretion.  *Id.*  Moreover, when a trial court has entered a void order, the relator need not show that it does not have an adequate remedy by appeal, and mandamus relief is appropriate.  *Id.*

## III.  APPLICABLE LAW

A trial court has the discretion to grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending SAPCR if there is satisfactory proof that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.  Tex. Fam. Code Ann. § 102.004(b).  By its terms, this provision permits a trial court to grant a grandparent leave to intervene only in a pending SAPCR.  *Id.*  Here, Mother contends that the trial court abused its discretion by

4

denying her motion to strike because there was no SAPCR pending in which Grandmother could intervene.

An order that disposes of all pending parties and claims in the record is a final appealable order. *Lehmann v. Har-Con Corp.*, 39 S.W. 3d 191, 195 (Tex. 2001); *Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 529 (Tex. App.—Austin 2011, no pet.) ("A final order in a SAPCR that purports to dispose of all issues and all parties is a final appealable order."). A SAPCR proceeding is no longer pending once a final order has been issued. *See Jasek*, 348 S.W.3d at 529.

Title IV–D associate judges do not have the authority to render and sign a final order on the merits in a Title IV-D case. Tex. Fam. Code Ann. § 201.104(b). However, they do have authority to recommend to the referring court any order after a trial on the merits. *Id.* § 201.104(c). A party subject to a Title IV-D associate judge's proposed order or judgment has the right to request a de novo hearing before the referring court. *Id.* § 201.1042. Such a request must specify the issues that will be presented to the referring court. *Id.* §§ 201.015(b), 201.1042(a)–(b). If a party timely files a request for a de novo hearing, the Title IV-D associate judge's proposed final order remains in full force and effect and is enforceable as an order of the referring court pending a de novo hearing before the referring court. *Id.* § 201.1041(c). But if a party fails to timely request a de novo hearing, or if it waives its right to request a de novo hearing, a Title IV-D

5

associate judge's proposed order or judgment becomes the order or judgment of the referring court by operation of law without ratification by the referring court. *Id.* §§ 201.015(b), .1041(a)–(b).

Except for circumstances not applicable here, section 201.1042(a) makes section 201.015's de novo hearing procedures applicable to a party's request for a de novo hearing of a Title IV-D associate judge's proposed order. *See id.* § 201.1042(a). Thus, in order to request a de novo hearing on a Title IV-D associate judge's proposed order, the appealing party must file a notice with the referring court no later than the third working day after the Title IV-D associate judge signed the proposed order. *Id.* § 201.1042(b). That request must "specify the issues that will be presented to the referring court." *Id.* §§ 201.015(b), .1042(a). If a party's request for a de novo hearing is timely filed but fails to specify the issues that will be presented to the referring court, then the request is insufficient to entitle the party to a de novo hearing. *Id.* §§ 201.015(b), .1042(a); *In re E.M.*, 54 S.W.3d 849, 851–52 (Tex. App.—Corpus Christi 2001, no pet.) (holding party not entitled to de novo hearing because his request, though timely filed, failed to state specific findings or conclusions of associate judge to which he objected).

## IV. DISCUSSION

Here, Father's request for a de novo hearing was deficient because it did not specify any issues that he would be presenting to the referring court.

6

*See* Tex. Fam. Code Ann. §§ 201.015(b), .1042(a)–(b); *In re E.M.*, 54 S.W.3d at 851–52. This lack of specificity rendered his notice insufficient to entitle him to a de novo hearing before the referring court. *See In re E.M.*, 54 S.W.3d at 851–52. A Title IV-D associate judge's proposed final order becomes the final order of the court by operation of law without further action of the referring court if a request for a de novo hearing specifying the issues that will be presented to the referring court is not filed within three working days after the Title IV-D associate judge signed the proposed final order. Tex. Fam. Code Ann. §§ 201.1041(a), .1042(b). Thus, because Father's request for a de novo hearing did not meet the statutory requirements for such a request, we conclude that the Title IV-D associate judge's proposed final order, which was signed on June 20, 2016, became the final order of the referring court by operation of law no later than June 23, 2016, and consequently, the SAPCR ceased to be pending no later than that date. *See* Tex. Fam. Code Ann. §§ 201.015(b), .1041(a), .1042(a)–(b); *Lehmann*, 39 S.W. 3d at 195; *In re E.M.*, 54 S.W.3d at 851–52; *Jasek*, 348 S.W.3d at 529; *see also In re D.J.L.*, 05-10-00203-CV, 2010 WL 3636327, at *1–2 (Tex. App.— Dallas Sep. 21, 2010, no pet.) (calculating plenary power deadlines using date associate judge's proposed order became the order of the referring court by operation of law).

A trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform a final judgment within thirty days after the judgment is signed.

7

Tex. R. Civ. P. 329b(d). Although a party can extend this thirty-day period by timely filing a motion for new trial, no such motion was filed here. Tex. R. Civ. P. 329b(c), (e). "Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void." *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995)); *see Bennetsen v. Mostyn Law Firm*, No. 01-14-00184-CV, 2015 WL 1778356, at *2–3 (Tex. App.—Houston [1st. Dist.] Apr. 16, 2015, no pet.) (mem. op.) (holding trial court's order denying party's motion to strike petition in intervention was void when entered after trial court's plenary power expired).

The trial court's plenary power over the final order here expired no later than thirty days after the Title IV-D associate judge's proposed order became the final order of the court on June 23, 2016 by operation of law. Tex. R. Civ. P. 329b; *see In re D.J.L.*, 2010 WL 3636327, at *1–2. Once a trial court has lost plenary power over its final judgment, it cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. Tex. R. Civ. P. 329b(f).

Although Grandmother filed her original petition in intervention on June 23, 2016, she did not become a party to the SAPCR merely by filing that petition. Rather, under Texas Family Code section 102.004(b), a trial court must grant a grandparent leave to intervene before the grandparent may do so. Tex. Fam.

8

Code Ann. § 102.004(b); *In re A.T.*, No. 14-14-00071-CV, 2014 WL 11153028, at *8–9 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.) (mem. op. on reh'g). The trial court did not grant Grandmother leave to intervene prior to June 23, 2016, the date on which the SAPCR proceeding ceased to be pending. And because no postjudgment motions were filed that extended the trial court's plenary power over its final order, the trial court lost plenary power over the final order well before the August 15, 2016 hearing on Mother's motion to strike Grandmother's petition in intervention. *See* Tex. R. Civ. P. 329b. The trial court therefore had no power on that date to grant Grandmother leave to intervene in the SAPCR or to enter an order denying Mother's motion to strike Grandmother's petition in intervention. *See Bennetsen*, 2015 WL 1778356, at *3–4.

Because the trial court entered its order denying Mother's motion to strike Grandmother's petition in intervention after its plenary power expired, we conclude that order is void and that the trial court abused its discretion in entering it. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Bennetsen*, 2015 WL 1778356, at *3–4. Further, when a trial court has entered a void order, the relator need not show that it does not have an adequate remedy by appeal, and mandamus relief is appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## V. CONCLUSION

Having concluded that the trial court abused its discretion by entering an order denying Mother's motion to strike Grandmother's petition in intervention

9

and that mandamus relief is appropriate, we sustain Mother's sole issue. We conditionally grant the writ. We are confident that the trial court will vacate its order denying Mother's motion to strike Grandmother's petition in intervention signed on August 30, 2016. *See In re O'Donnell*, No. 2-06-002-CV, 2006 WL 563325, at *3 (Tex. App.—Fort Worth Mar. 9, 2006, orig. proceeding) (mem. op.) ("We are confident that the trial court will vacate" orders it entered after plenary power expired). A writ will issue only if the trial court fails to do so.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  November 14, 2016

10