

**NUMBER 13-18-00576-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF S.S.R., E.L.R. JR., AND Z.N.R., CHILDREN

**On appeal from the 25th District Court
of Lavaca County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellants C.A.F. ("Mother") and E.L.R. Sr. ("Father") appeal the termination of their parental rights to S.S.R, E.L.R. Jr., and Z.N.R., minors.[1] By three issues, Mother and Father claim that: (1) the referring trial court erred by denying their request for de novo review of the associate judge's report; (2) the evidence is legally and factually insufficient to support termination under family code section 161.001(b)(1); and (3) the

---

[1] To protect the identity of the children, we refer to the children and their parents using aliases. *See* TEX. R. APP. P. 9.8(b).

evidence is legally and factually insufficient to support the trial court's finding that it is in the best interests of the children to terminate the parent-child relationship. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1), (2), 201.015 (West, Westlaw through 2017 1st C.S.). We reverse and remand for a de novo hearing.

## I. BACKGROUND

On February 24, 2017, the Texas Department of Family and Protective Services ("the Department") filed its original petition for protection of S.S.R, E.L.R. Jr., and Z.N.R., for conservatorship, and for termination of the parent-child relationship between Mother and Father and the children. The petition alleged numerous statutory violations supporting termination.

On August 14, 2018, September 5, 2018, and September 17, 2018, a bench trial was held before an associate judge concerning the termination of Mother's and Father's parental rights. On September 28, 2018, Mother and Father were e-mailed the associate judge's report. *See id.* § 201.011 (West, Westlaw through 2017 1st C.S.) ("The associate judge's report may contain the associate judge's findings, conclusions, or recommendations and may be in the form of a proposed order."). In its report to the referring court, the associate judge found that Mother's and Father's parental rights should be terminated under family code section161.001(b)(1)(D), (E), and (O). *See id.* §§ 161.001(b)(1)(D), (E), and (O). The associate judge also found that termination was in the best interests of the children. *See id.* §§ 161.001(b)(2).

On October 3, 2018, both Mother and Father filed a request for a de novo hearing of the associate judge's report. They each requested a de novo hearing on "all issues of fact and findings of law" related to: (1) termination of their parent-child relationship; (2)

2

the associate judge's finding that termination would be in the children's best interests; and (3) the associate judge's naming of the Department as the permanent managing conservator of the children. On October 9, 2018, the associate judge signed the formal order of termination. On October 10, 2018, the district judge of the referring court denied Mother's and Father's request for a de novo hearing, finding that the parents "failed to specify the issues that would be presented to the referring court as required by [Texas Family Code] Sec. 201.015(b)." *See id*. § 201.015(b). This appeal ensued.

## II. DE NOVO HEARING IN TERMINATION CASES

In their first issue, Mother and Father argue that the trial court reversibly erred by denying their motion for de novo review of the associate judge's statutory and best interest findings. The State has filed an appellate brief and concedes that the case should be reversed and remanded for a de novo trial before the district court.

### A. Standard of Review and Applicable Law

Section 201.015 of the Texas Family Code states:

a) A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of:

1) the substance of the associate judge's report as provided by Section 201.011; or

2) the rendering of the temporary order, if the request concerns a temporary order rendered by an associate judge under Section 201.007(a)(14)(C).

b) A request for a de novo hearing under this section must specify the issues that will be presented to the referring court.

c) In the de novo hearing before the referring court, the parties may present witnesses on the issues specified in the request for hearing. The referring court may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury.

d) Notice of a request for a de novo hearing before the referring court shall be given to the opposing attorney under Rule 21a, Texas Rules of Civil Procedure.

e) If a request for a de novo hearing before the referring court is filed by a party, any other party may file a request for a de novo hearing before the referring court not later than the third working day after the date the initial request was filed.

f) The referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court.

*See id*. § 201.015.

A party who timely appeals the associate judge's report is entitled to a de novo hearing before the referring court. *See In re A.M.*, 418 S.W.3d 830, 835 (Tex. App.—Dallas 2013, no pet.); *Harrell v. Harrell*, 986 S.W.2d 629, 630–31 (Tex. App.—El Paso 1998, no pet.) (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484 (Tex. 1995)); *see also In Interest of A.A.T.*, No. 13-16-00269-CV, 2016 WL 8188946, at *2 (Tex. App.—Corpus Christi Aug. 25, 2016, no pet.) (mem. op.).

## B. Discussion

The record in this case shows that Mother and Father timely filed an appeal of the associate judge's report and that they each unambiguously requested a de novo hearing on "[a]ll issues of fact and findings of law related to" the termination of their parental rights and the associate judge's finding that termination was in the children's best interests. Mother and Father requested a de novo hearing on October 3, 2018, which was within three working days of receiving notice of the substance of the associate judge's report. *See* TEX. FAM. CODE ANN. § 201.015(a). Their request clearly specified which findings and conclusions of the associate judge that Mother and Father objected to. *See id*.

4

§ 201.015(b). Therefore, Mother and Father argue that they were entitled to a de novo hearing before the referring court. We agree.

Once Mother and Father timely filed their request to the referring court for a de novo hearing on the associate judge's report, "[they] completed the prerequisites necessary to entitle [them] to have a de novo hearing." *Harrell*, 986 S.W.2d at 631; *see In re A.M.*, 418 S.W.3d at 835; *see also In Interest of A.A.T.*, 2016 WL 8188946, at *2. Mother and Father were entitled to a de novo hearing before the referring court on all issues of fact and findings of law related to the termination of their parental rights, including the statutory findings under section 161.001(b)(1) and the finding that termination was in the best interest of the children. We sustain Mother's and Father's first issue. Because we sustain their first issue, we need not address their second and third issues challenging the factual and legal sufficiency of the evidence. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We reverse the order terminating Mother's and Father's parental rights and remand this case for further proceedings consistent with this memorandum opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
21st day of March, 2019.

5