**Opinion issued January 5, 2023.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00657-CV

_____

## IN THE INTEREST OF H.M.G., III, A CHILD

---

### On Appeal from the 257th District Court
### Harris County, Texas
### Trial Court Case No. 2015-62841

---

## MEMORANDUM OPINION

Father appeals the trial court's refusal to conduct a hearing de novo before signing an order adopting the associate judge's recommendation regarding child support. We reverse the judgment of the trial court.

## Background

H.M.G., Jr. (father) and L.C.M. (mother) are the parents of H.M.G., III, who is the subject of a suit affecting the parent-child relationship. In April 2016, the court entered an agreed judgment regarding custody, parenting time, and child support. In November 2020, the Child Support Division of the Office of the Attorney General ("OAG") moved to confirm arrearages and to modify the support order. In turn, father moved to decrease monthly child support, and mother moved to increase child support and alleged that father was engaged in a pattern of intentional underemployment. After a hearing on the motions before an associate judge, the associate judge recommended increasing father's monthly child support amount and requiring father to pay attorney's fees. Father timely moved for a de novo hearing.

When the parties convened for the hearing, the OAG objected to the hearing because father had not provided the OAG with notice. The court denied the motion for rehearing on the grounds that the time to convene a de novo hearing after a timely filed request had lapsed. *See* TEX. FAM. CODE § 201.015(f) ("De Novo Hearing Before Referring Court"; stating that trial court must convene hearing "not later than the 30th day after the date on which the initial request for a de novo hearing was filed with the clerk of the referring court"). Father moved for a new

2

trial, which was denied. He sought rehearing on the motion for new trial, and it was denied. Father appealed.

On appeal, father challenges the trial court's refusal to conduct a de novo hearing. He also argues that the evidence was legally and factually insufficient to support the child support order.

## De Novo Hearing

In his first issue, father asserts that the trial court erred in denying him a de novo hearing. Father argues that section 201.015(f) of the Family Code, which requires the trial court to hold a de novo hearing within 30 days of the request, is not jurisdictional. He argues that the court should have continued the hearing when the OAG was not properly noticed. The OAG filed a letter with the court conceding error and stating that section 201.015(f) is not jurisdictional.

### A.    Applicable law and standard of review

Chapter 201, of the Texas Family Code authorizes trial judges to refer various family-law issues to associate judges. *See* TEX. FAM. CODE §§ 201.001, *et seq.* In subchapter B of chapter 201, the Legislature affords specialized associate judges for Title IV-D[1] cases. *See id.* §§ 201.101, *et seq.* A IV-D associate judge

---

[1]    Proceedings related to the establishment, modification, or enforcement of child support obligations are often called "Title IV-D cases." Title IV-D refers to subchapter IV, Part D of the federal Social Security Act, which "creates a child-support-enforcement program" for participating states, including Texas, to administer the plan. *See Office of the Attorney Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 181 (Tex. 2017) (citing 42 U.S.C. §§ 651, 654, and TEX. FAM. CODE

3

may recommend to the referring court any order after a trial on the merits. TEX. FAM. CODE § 201.104(c). Following a hearing conducted by a IV-D associate judge, the associate judge shall send the judge's written report to the referring court. *See id.* §§ 201.011(a), (e), 201.102. The associate judge's report may be in the form of a proposed order. *See id.* §§ 201.011(a), 201.102. A party may request a de novo hearing before the referring court not later than the third working day after the date the party receives notice of the substance of the associate judge's report. *Id.* § 201.015(a). Section 201.015(f) provides that the referring court "shall hold a de novo hearing not later than the 30th day after the date on which the initial request for a de novo hearing was filed. TEX. FAM. CODE. § 201.015(f).

Under Texas Rule of Appellate Procedure 44.1(a), error by the trial court requires reversal if the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a). A judgment rendered without granting a party the right to a de novo hearing on matters disposed of in the judgment is an improper judgment. *See* TEX. FAM. CODE §§ 201.102, 201.1042(a), (b); *In re R.A.O.*, 561 S.W.3d 704, 710–11 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (holding trial court's denial of de novo hearing caused the rendition of an improper judgment necessitating reversal).

§ 101.034). The Texas Legislature has designated the Office of the Attorney General as Texas's Title IV-D agency. *See C.W.H.*, 531 S.W.3d at 181 (citing TEX. FAM. CODE §§ 231.001, 231.0011(a)).

**B.     Analysis**

Father argued before the trial court that he struggled to schedule a de novo hearing, due to technical issues with the court's scheduling system. On the day before the 29th day after he requested a de novo hearing the court convened the hearing. The OAG objected to the hearing going forward because it had not been provided with notice. The trial court denied father's request for a de novo hearing because the parties would not have proper notice before the 30-day timeline proscribed by section 201.015(f) lapsed.

On appeal, father and the OAG agree that the trial court erred in denying the de novo hearing because section 201.015(f) is not jurisdictional. The purpose of section 201.015(f) is to require the prompt resolution of appeals from an associate judge's ruling. *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.) Failure to convene a de novo hearing prior to the 30-day limit is not jurisdictional because section 201.015(f) is a procedural requirement for the trial court, not the parties. *In re L.R.*, 324 S.W.3d 885, 888–89 (Tex. App.—Austin 2010, no pet.) (citing *Harrell*, 986 S.W.2d at 631); *Herzfeld v. Herzfeld*, 285 S.W.3d 122, 130–31 (Tex. App.—Dallas 2009, no pet.). The mandatory provision affords the parties the right to compel the district court to hear the case promptly. *Harrell*, 986 S.W.2d at 631.

It is undisputed that father timely requested a de novo hearing and therefore, the district court was required to hold one. The trial court reversibly erred by denying father the de novo hearing. TEX. R. APP. P. 44.1(a).

We sustain father's first issue on appeal. Because we find this issue dispositive, we do not consider father's remaining issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings.

Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Farris.