# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00415-CV

### In re T.F.

---

**FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
NO. 23-1148, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Relator, T.F., seeks a writ of mandamus ordering the trial court to hold a de novo hearing concerning an order by an associate judge. Relator has filed a Motion to Set Hearing for an August 7, 2024 hearing in the trial court, but Relator asks us to require the trial court to hold the hearing immediately. We will abate our consideration of this proceeding on our own motion pending the scheduled hearing.

The underlying cause[1] was referred by an omnibus order to an associate judge for a hearing. *See generally* Tex. Fam. Code §§ 201.005-014 (describing referrals to associate judges). The associate judge made orders from the bench on Friday, February 23, 2024, and on February 26, 2024, Relator requested a de novo hearing. *See id.* § 201.015 (describing procedure for de novo hearing before referring court). The Family Code provides, "The referring court, after notice to the parties, shall hold a de novo hearing not later than the 30th day after the date

---

[1] The underlying cause is *In re E.C.F., A.A.M., & R.D.M.*, No. 23-1148 in the 22nd District Court of Hays County, Texas.

on which the initial request for a de novo hearing was filed with the clerk of the referring court." *See id.* § 201.015(f). Relator obtained hearing settings that have been cancelled for various reasons including asserted non-compliance with local rules in setting the hearing and a challenge to the assignment of a visiting judge. Relator states that after the cancellation of hearing set for June 12, 2024, the trial court offered dates that were more than thirty days after that date. After conference among court staff and counsel for both parties on June 11, 2024, Relator filed a Motion to Set Hearing for what counsel described as "the first workable date made available to them"—August 7, 2024.

After filing the Motion to Set Hearing, Relator filed this petition demanding that this Court issue a writ of mandamus requiring the trial court to hold a hearing "immediately." Relator asserts that the 30-day period for hearings under Family Code Section 201.015(f) is mandatory and that the delays in holding the hearing warrant mandamus relief.

Mandamus is an extraordinary remedy that will generally issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The 30-day period for hearings under Family Code Section 201.015(f) is a procedural requirement for the trial court, not the parties. *In re Office of Att'y Gen. of Tex.*, 264 S.W.3d 800, 809 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (quoting *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.)). A party has the right to compel the trial court to hold a hearing within that 30-day period, but may agree to a hearing date outside that period. *Id.* Here, Relator has filed a Motion to Set Hearing on August 7, 2024, which Relator represents is the first day offered by the trial court staff that was workable for the parties. That date is less than thirty days from today's date.

On the facts presented, with a hearing date agreed upon by the parties in consultation with trial court staff and requested by Relator by motion filed in the trial court, we conclude that a writ of mandamus is not warranted at this time. Rather than deny the petition, however, we abate this petition pending the hearing on the date in the Motion to Set Hearing. Relator shall file a letter or motion with this Court's clerk no later than August 14, 2024, informing this Court whether the scheduled hearing has been held. Relator may amend or seek dismissal of this petition based on developments in the underlying cause. Based on that report and any response, this Court will consider whether mandamus relief is warranted at that time.

Before Chief Justice Byrne, Justices Triana and Kelly

Abated

Filed: July 17, 2024