# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00606-CV

### In re L.R., B.S., and S.S.

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## NO. 03-10-00610-CV

### In re Marla C. Russell

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## O P I N I O N

These original proceedings were filed in connection with a single underlying suit to terminate the parental rights of Marla Russell and Johnny Scott Jr. to their three children, L.R., B.S., and S.S. The children, represented by their attorney ad litem, filed a petition for writ of mandamus, cause number 03-10-00606-CV, seeking to vacate the trial court's order setting this matter for a jury trial on October 25, 2010. Russell then filed her own petition for writ of mandamus, cause number 03-10-00610-CV, seeking to vacate the trial court's order denying her motion to dismiss the suit for failure to comply with the statutory deadline for the resolution of termination proceedings.

*See* Tex. Fam. Code Ann. § 263.401 (West 2008). For the reasons that follow, we deny both petitions for writ of mandamus.

**DISCUSSION**

The Texas Department of Family and Protective Services filed the underlying suit to terminate the parental rights of Russell and Scott on June 16, 2009. On June 24, 2009, the trial court issued a pretrial scheduling order, which provided that the suit was to be dismissed under section 263.401 of the family code if, by June 28, 2010, the trial court had not commenced trial on the merits or rendered an order retaining the suit on its docket. *See id.* (providing that court must commence trial on merits or render order to retain by first Monday after first anniversary of date Department was appointed temporary managing conservator). The scheduling order further provided that all jury demands were to be filed on or before the date of the initial permanency hearing on November 24, 2009. Russell and Scott, who were found indigent and appointed counsel for the first time at the November 24 hearing, did not file a jury demand by the November 24 deadline set forth in the scheduling order.[1]

On April 27, 2010, a bench trial on the merits was held before an associate judge. *See id.* § 201.005 (West 2008) (governing referral of cases to associate judges). Neither parent filed a written jury demand at any time prior to the bench trial, nor did they specifically object at trial to proceeding without a jury.[2] On June 22, 2010, the associate judge issued a proposed order

---

[1] The attorney originally appointed to represent Russell and Scott withdrew in March 2010, at which time the trial court appointed separate counsel to represent Russell and Scott individually.

[2] Both Russell and Scott sought a continuance of the April 27 trial setting, which the associate judge denied.

terminating the parental rights of both Russell and Scott as to all three children. The order, titled, "Interlocutory Order of Termination," included the following handwritten language: "This is not a final order because a hearing remains pending on intervenor's request to be appointed [possessory convervator]."[3] The associate judge's interlocutory order was signed and adopted by the referring court on June 24, 2010.

On July 1, 2010, both parents filed timely requests for a de novo hearing of the associate judge's decision. *See id.* § 201.015(a) (West Supp. 2010) (allowing parties to request de novo hearing before referring court by filing written request within seven working days of associate judge's decision). The referring court held a hearing on July 27, 2010, but the parties disagree as to the nature of the hearing. Russell takes the position that the July 27 hearing constituted the de novo hearing authorized by section 201.015, while the State and the children's attorney ad litem assert that the July 27 hearing was limited to the issue of whether Russell and Scott had knowingly and voluntarily waived a jury trial on the termination of their parental rights. The latter view is consistent with the trial court's findings of fact and conclusions of law, which include a finding that "no witness was sworn, no testimony was heard[,] and no evidence was presented to or received by the referring court" at the July 27 hearing, and a conclusion of law that the "July 27th setting did not result in a de novo hearing." In any event, it is undisputed that during the July 27 hearing, the parents made an oral request for a de novo hearing with a jury, which the trial court granted, setting the hearing to begin October 25, 2010.

---

[3] It appears from the record before us that the intervenor referenced here was the children's maternal grandmother.

3

*The Children's Petition for Writ of Mandamus*

The children, through their attorney ad litem, assert that the trial court's action in setting a de novo hearing with a jury for October 25 was void because it occurred after expiration of the trial court's plenary power, which began to run when the district court adopted the associate judge's order on June 24, 2010. Had the district court's June 24 order been final, this position may have been meritorious, as neither parent sought to vacate the district court's order, filed a post-judgment motion, or otherwise took action to extend the trial court's plenary power in the 30 days after the order was signed. *See* Tex. R. Civ. P. 329b(d); *State ex. rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) (per curiam); *In re A.J.F.*, 313 S.W.3d 475, 478 (Tex. App.—Dallas 2010, no pet.) (holding that plenary power begins to run from date district judge adopts associate judge's order, even if party timely requested de novo hearing). However, the June 24 order expressly stated that it was not final, as a hearing on the intervenor's request to be appointed possessory conservator remained pending. Because the June 24 order was not a final judgment disposing of all claims and parties, the trial court's plenary power did not begin to run from the date the order was signed. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (holding that deadline for expiration of plenary power does not begin to run absent final order disposing of all pending matters). Therefore, the trial court retained jurisdiction to take further judicial action, including holding a hearing on July 27 and setting a de novo hearing with a jury for October 25.

The children's ad litem also argues that the trial court was statutorily prohibited from setting the de novo hearing more than 30 days after the date of the initial request. Family code section 201.015(f) provides that the referring court "shall hold a de novo hearing not later than the

4

30th day after the date on which the initial request for a de novo hearing was filed." Tex. Fam. Code Ann. § 201.015(f). However, failure to comply with the 30-day requirement of section 201.015(f) does not deprive the trial court of jurisdiction. *See Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.); *Rollins-El v. Texas Dep't of Family & Protective Servs.*, No. 03-07-00010-CV, 2008 Tex. App. LEXIS 3382, at *10 n.4 (Tex. App.—Austin May 9, 2008, no pet.) (mem. op.). The court in *Harrell* explained:

> Because section 201.015(f) is not a jurisdictional prerequisite to a de novo hearing, the referring court is not statutorily precluded from conducting the de novo hearing outside the thirty day window. In this case, the trial court indicated its willingness and intention to hear the matter de novo outside of this window when it set the issue for trial on August 27, more than thirty days after the notice of appeal.[4] While Appellant certainly had the ability to pursue mandamus relief with regard to the trial court's failure to set the matter within thirty days, she was also entitled to acquiesce in a later trial setting.

986 S.W.2d at 631 (citations omitted).

Here, there is no indication that any of the parties objected to the October 25 setting for the de novo hearing, particularly given the trial court's finding of fact that after the parents' request for a de novo hearing was granted, the court "(after much consultation of calendars both on and off the record) set the matter on the first available jury setting at which counsel for all parties, including the [Department], announced to the court that each would be mutually available—October 25, 2010." Because the trial court is "not statutorily precluded from conducting the de novo hearing outside the thirty day window," *id.*, and because no party sought to compel the

---

[4] In this context, "notice of appeal" refers to the party's request for a de novo hearing of the associate judge's decision under section 201.015.

trial court to set the de novo hearing within 30 days from the date of the request, we conclude that the trial court did not commit a clear abuse of discretion by setting the de novo hearing for October 25. *See In re Texas Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006) (stating that mandamus relief is proper only to correct clear abuse of discretion).

In the alternative, the children's attorney ad litem contends that the trial court clearly abused its discretion in granting the de novo hearing before a jury because the parents did not make a timely jury demand under the pretrial scheduling order or request a jury and pay the necessary fee under the rules of civil procedure. *See* Tex. R. Civ. P. 216. However, as the supreme court observed in *GMC v. Gayle*, trial courts have discretion to allow a jury trial, even when a party fails to comply with Rule 216, "if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." 951 S.W.2d 469, 476 (Tex. 1997) (citing *Allen v. Plummer*, 9 S.W. 672, 673 (Tex. 1888) (holding that requirements of jury demand and fee "are not strictly mandatory," so that party failing to comply does not forfeit right to jury if such failure does not prejudice opposing party); *Dawson v. Jarvis*, 627 S.W.2d 444, 446 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) ("[I]n spite of the mandatory language of Rule 216, the rule is construed as being discretionary with the judge."); *Aronoff v. Texas Turnpike Auth.*, 299 S.W.2d 342, 344 (Tex. Civ. App.—Dallas 1957, no writ) (stating that Rule 216 "is discretionary rather than mandatory[,] and that when the Rule has not been complied with, a trial court's decision to grant or deny a jury trial will not be reversed on appeal except on a showing of abuse of discretion")). Given that Russell and Scott are already entitled to a de novo hearing under the family code, there is no indication that the additional step of holding this hearing before a jury will unduly interfere with the court's docket,

6

delay the trial, or injure the opposing parties. As a result, we hold that the trial court did not clearly abuse its discretion in granting the parents' oral request that the de novo hearing be held before a jury.[5]

In light of the foregoing, the petition for writ of mandamus filed by the children's attorney ad litem is denied.

*Russell's Petition for Writ of Mandamus*

On July 30, 2010, after the hearing in which the trial court granted her request for a de novo hearing before a jury, Russell filed a motion to dismiss the termination proceeding for failure to comply with the statutory deadline set forth in family code section 263.401. *See* Tex. Fam. Code Ann. § 263.401 (providing for mandatory dismissal of termination proceeding after one year if trial on merits has not commenced or proper extension obtained). Russell asserted that because the trial court had granted her request for a de novo hearing, which was set to begin October 25, 2010, the trial court had failed to "commence[] the trial on the merits" before the statutory dismissal date of June 28, 2010. *See id.* The trial court denied this motion, prompting

---

[5] In its consolidated response to the petitions for writ of mandamus, the State argues that Russell waived her right to a jury by failing to raise the issue in her request for a de novo hearing. Under family code section 201.015, the de novo hearing before the referring court is limited to those issues raised in the hearing request. *See* Tex. Fam. Code Ann. § 201.015(b) (West Supp. 2010); *see also In re E.M.*, 54 S.W.3d 849, 852 (Tex. App.—Corpus Christi 2001, no pet.). In her request for a de novo hearing, Russell challenged "[e]ach and every finding entered by the Associate Judge," and "[e]ach and every order entered by the Associate Judge." Presumably, this would include the express finding in the associate judge's order that a "jury was waived" at the April 2010 trial setting. The trial court appears to have considered the language of Russell's request to sufficiently challenge the jury-waiver finding, and we cannot say that it clearly abused its discretion in doing so.

7

Russell to file a petition for writ of mandamus to compel the trial court to vacate its denial of her motion and dismiss this suit.

Russell's argument fails, however, because trial on the merits commenced when this case was tried before the associate judge in April 2010, two months before the statutory dismissal date in June 2010. Russell, characterizing the trial court's grant of her request for a de novo hearing as the granting of a new trial, argues that when the new trial was granted, the case was reinstated on the docket as if no trial had occurred. *See In re Department of Family & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009). However, Russell never filed a motion for new trial, and no new trial was granted.[6] What Russell actually requested and received was a de novo hearing under family code section 201.015. *See* Tex. Fam. Code Ann. § 201.015 (allowing for de novo hearing of associate judge decision). A de novo hearing under section 201.015, unlike a new trial, is mandatory upon the filing of a request and is limited to the issues specified in the request. *See id.* § 201.015(c), (f). Furthermore, in conducting the de novo hearing under section 201.015, the referring court may "consider the record from the hearing before the associate judge." *Id.* § 201.015(c). Thus, the granting of a de novo hearing under section 201.015 does not, like the granting of a motion for new trial, reinstate the case on the court's docket as if no trial had occurred for purposes of the statutory deadline for commencement of trial on the merits. *Cf. Department of Family & Protective Servs.*, 273 S.W.3d at 644.

_____

[6] The trial court's findings of fact include a finding that after the order of termination was signed, "[n]o party filed any motions, pleadings or otherwise requested a new trial." The trial court also clarified in its findings of fact that the October 25 setting represented the requested de novo hearing, as opposed to a new trial, stating that "no de novo hearing was held on July 27th and, rather, that said hearing with a jury was set for October 25th."

8

This Court has previously held that the filing of a request for a de novo hearing does not negate the actions of the associate judge for purposes of the statutory dismissal date set forth in section 263.401. *See Garza v. Texas Dep't of Family & Protective Servs.*, 212 S.W.3d 373, 376-77 (Tex. App.—Austin 2006, no pet.) (holding that under prior version of section 263.401, which required final order to be issued prior to dismissal date, final order of associate judge was sufficient to avoid dismissal, despite fact that de novo hearing had been requested). The current version of section 263.401 does not require a final order, but only the commencement of trial on the merits by the statutory dismissal date. *See* Tex. Fam. Code Ann. § 263.401. The commencement of trial on the merits before the associate judge in this case is analogous to the issuance of a final order by the associate judge in *Garza*. Both are sufficient to satisfy the statutory deadline in section 263.401, despite the party's request for a de novo hearing of the associate judge's decision. Accordingly, we hold that because trial on the merits commenced prior to the statutory dismissal date in this case, the trial court did not clearly abuse its discretion in denying Russell's motion to dismiss. Russell's petition for writ of mandamus is denied.[7]

---

[7] We note also that the supreme court has held that in some circumstances, mandamus relief may be improper for failure to dismiss a termination proceeding after the statutory deadline because the parties have an adequate remedy by accelerated appeal. *See Texas Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006). The court limited its holding to the facts of that case, stating, "We do not hold that a party complaining of a trial court's failure to dismiss a [suit affecting the parent-child relationship] within the statutory deadline could never be entitled to mandamus relief, but under the facts of this case, we cannot conclude that an accelerated appeal was not an adequate remedy." *Id.* Because we hold that the trial court did not clearly abuse its discretion in denying Russell's motion to dismiss, we need not reach the issue of whether she had an adequate remedy on appeal.

We deny both petitions for writ of mandamus. Accordingly, all orders of the trial court remain in effect.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: October 15, 2010