# IN THE SUPREME COURT OF TEXAS

══════════
No. 17-0603
══════════

IN THE INTEREST OF A.L.M.-F., A.M., J.A.-F., N.A.-F., AND E.A.-F., CHILDREN

══════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
══════════════════════════════

**Argued January 10, 2019**

JUSTICE GUZMAN delivered the opinion of the Court.

To alleviate pressure on an overburdened court system, the Legislature allows judges in civil proceedings to refer cases to associate judges for disposition of a variety of case-related matters, including trials on the merits.[1] Referral is not binding on the parties, so if either party timely objects, the referring court "shall hear the trial on the merits or preside at a jury trial."[2] Barring an objection, however, the associate judge may determine the merits in either a bench or a jury trial,[3] subject to the parties' post-trial right to request a "de novo hearing" before the referring court within thirty

---

[1] TEX. FAM. CODE §§ 201.005(a) ("[A] judge of a court may refer to an associate judge any aspect of a suit over which the court has jurisdiction under [Title 5 of the Family Code, the Parent-Child Relationship], Title 1 [the Marriage Relationship], Chapter 45 [Name Changes], or Title 4 [Protective Orders and Family Violence], including any matter ancillary to the suit."), .102 (subchapter A applies to associate judges for Title IV-D cases, except to the extent of any conflict with subchapter B), .306 (allowing referral of juvenile justice court matters); TEX. GOV'T CODE §§ 54A.106(a) (allowing referral of "any civil case or portion of a civil case"), .207 (associate judge referrals in statutory probate court proceedings); *see also* TEX. FAM. CODE §§ 201.007 (associate judge powers in referable cases), .104 (powers in Title IV-D cases), .204 (powers in child-protection cases), .308 (powers in juvenile justice matters); TEX. GOV'T CODE §§ 54A.108 (powers in civil proceedings), .209 (powers in probate cases).

[2] TEX. FAM. CODE § 201.005(b), (c); TEX. GOV'T CODE §§ 54A.106(b), (c), .207(b), (c).

[3] *Supra* note 2.

days.[4]  In this case, which involves termination of parental rights, the issue is whether a party who waived the right to a jury trial before the associate judge is entitled to demand a jury trial in a de novo hearing under section 201.015 of the Texas Family Code.  The trial court denied the jury demand, and the court of appeals affirmed, finding no abuse of discretion.[5]  We hold that the statute permits, but does not require, the referring court to grant a jury-trial demand made for the first time at the de novo hearing stage.  We therefore affirm the court of appeals' judgment.

## I. Background

The Department of Family and Protective Services filed a petition to terminate Mother's parental rights to her five children based on child endangerment and noncompliance with a court order establishing the terms for reunification.[6]  Without objection by either party, the trial court referred the case to an associate judge for adjudication on the merits, and the parties waived the right to a jury trial.

Following a two-day bench trial at which both sides called witnesses, the associate judge found sufficient evidence of grounds to terminate Mother's parental rights and that termination is in the children's best interests.[7]  The day after receiving the associate judge's report, Mother demanded a jury trial, and immediately following that, she timely requested a de novo hearing

---

[4] TEX. FAM. CODE § 201.015 (de novo hearing in Family Code cases); *see id.* §§ 201.1042 (Title IV-D cases are subject to section 201.015, except as otherwise provided), .2042 (child-protection cases are subject to section 201.015, except as otherwise provided), .317 (de novo hearing in juvenile matters); TEX. GOV'T CODE §§ 54A.115, .216.

[5] 564 S.W.3d 441, 444 (Tex. App.—Waco 2017).

[6] *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (O).  The children's fathers were also named in the termination petition, but they did not appear at trial and are not parties to this appeal.

[7] *See id.* § 161.001(b)(1), (2).

2

before the referring court on the issue of evidence sufficiency.[8]

At a non-evidentiary hearing on Mother's jury-trial request, both the Department and the attorney ad litem for the children objected to the jury demand. The Department argued that (1) Mother had no right to a jury trial for the de novo hearing and (2) granting a jury demand at that juncture would prejudice both the Department and the children. Among other concerns, the Department cited the difficulty and expense of recalling all the witnesses to testify before a jury, including three expert witnesses and the interpreters required for several other witnesses. The attorney ad litem asserted that any delay occasioned by a jury trial would result in turmoil and uncertainty for the children. In response, Mother maintained that (1) section 201.015 of the Family Code grants the right to a jury trial in a de novo hearing so long as it is the first jury trial in the case, (2) it was theoretically possible for the referring court to hold a jury trial within the thirty-day window section 201.015 allows for conducting a de novo hearing,[9] and (3) the expense of litigating the case to a jury after a previous bench trial is irrelevant to whether a jury trial is required when timely requested.

The referring court denied the jury request and set a de novo hearing date in compliance with the statutory deadline. At the hearing, the transcripts and exhibits from the associate-judge proceedings were admitted into evidence, but no witnesses were called to testify. After taking the matter under advisement, the court terminated Mother's parental rights and appointed the Department permanent managing conservator.

---

[8] *Id.* § 201.015(a), (b).

[9] *Id.* § 201.015(f); *see* TEX. R. CIV. P. 216(a) ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.").

Mother appealed, asserting (1) the trial court abused its discretion in denying her jury demand and (2) the evidence was factually insufficient to support the best-interest finding. Rejecting both complaints, the court of appeals affirmed.[10]

On petition for review to this Court, Mother challenges only the denial of her jury demand.[11] As to that matter, the court of appeals assumed, without deciding, that Mother had a right to demand a jury trial at the de novo hearing and that her request was made within a reasonable time before trial.[12] Even so, the court held that the trial court was not required to honor the request given the expense the Department would incur to relitigate the case to a jury and the harm that could befall the children if permanency were delayed.[13] Mother argues that the Family Code protects her constitutional rights by guaranteeing that parties can demand at least one jury trial at any stage of the trial-court proceedings. Asserting a first-time jury trial is available in a de novo hearing as a matter of right, she complains that the lower courts failed to afford her a presumption that a timely jury demand must be granted.

## II. Discussion

Only five states in the country permit or require a jury trial in cases involving termination of parental rights.[14] Recognizing the importance of the interests at stake in termination

---

[10] 564 S.W.3d 441, 443 (Tex. App.—Waco 2017).

[11] *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) ("Although this Court does not have jurisdiction to conduct a factual sufficiency review, we do have jurisdiction to determine whether a court of appeals has applied the correct standard in conducting a factual sufficiency review.").

[12] 564 S.W.3d at 444.

[13] *Id.*

[14] Linda A. Syzmanski, *Is a Jury Trial Ever Available in a Termination of Parental Rights Case?*, 16 NCJJ SNAPSHOT No. 3 (Mar. 2011), http://www.ncjj.org/pdf/Snapshots/2011/vol16_no3_Jury%20Trial %20In%20Termination%20of%20Parental%20Rights%20Case.pdf (as of 2010, Oklahoma, Texas, Virginia, Wisconsin, and Wyoming were the only states requiring or permitting, to varying degrees, a jury trial in termination cases).

proceedings,[15] Texas is one of them. Under our permissive statute, parties may demand a jury trial or elect to have a judge decide a termination case on the merits.[16] As with other civil proceedings, the trial court may refer termination cases to an associate judge for myriad purposes, including adjudication on the merits in either a bench or jury trial.[17]

Trial on the merits before an associate judge is not compulsory under our civil referral statutes and may be avoided if a party objects:

> Unless a party files a written objection to the associate judge hearing a trial on the merits, the judge may refer the trial to the associate judge. A trial on the merits is any final adjudication from which an appeal may be taken to a court of appeals.[18]

A party desiring a jury trial before the referring court need only object to the associate-judge referral and timely demand a jury trial:

> A party must file an objection to an associate judge hearing a trial on the merits or presiding at a jury trial not later than the 10th day after the date the party receives notice that the associate judge will hear the trial. If an objection is filed, the referring court shall hear the trial on the merits or preside at a jury trial.[19]

Here, by failing to object to the referral, Mother declined the opportunity to have a jury trial before the referring court in the first instance. She then elected to waive her statutory right to a jury trial in the associate-judge proceedings. Despite these choices, Mother claims section 201.015 of the Family Code guarantees a third opportunity to demand a jury trial in a "de novo hearing" before

---

[15] *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) ("The natural right existing between parents and their children is of constitutional dimensions.").

[16] TEX. FAM. CODE § 105.002 (authorizing a jury trial except in specified matters).

[17] *See supra* note 1.

[18] TEX. FAM. CODE §§ 201.005(b), .306(b); TEX. GOV'T CODE §§ 54A.106(b), .207(b).

[19] TEX. FAM. CODE § 201.005(c); TEX. GOV'T CODE §§ 54A.106(c), .207(c); *see* TEX. R. CIV. P. 216(a) (specifying the time for requesting a jury trial).

5

the referring court.

## A. De Novo Hearings

Section 201.015 applies to associate-judge referrals in child-protection, Title IV-D, and juvenile justice cases[20] and has near equivalents applicable to associate-judge referrals in other civil cases and probate proceedings.[21] Under section 201.015, when a case is referred to an associate judge for any authorized purpose—including disposition on the merits—"[a] party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of [the substance of the associate judge's ruling or order]."[22] De novo hearings are limited to the specific issues stated in the de novo hearing request,[23] and the referring court must conduct the de novo hearing within thirty days of the request.[24]

The parties may present witnesses at the de novo hearing, and the referring court "may also consider the record from the hearing before the associate judge, including the charge to and verdict returned by a jury."[25] Notably, "[a] party may not demand a second jury in a de novo hearing before

---

[20] TEX. FAM. CODE §§ 201.015, .1042, .2042, .317.

[21] TEX. GOV'T CODE §§ 54A.115 (civil cases), .216 (probate proceedings).

[22] TEX. FAM. CODE §§ 201.015(a), .2042(b) (in child-protection cases, the requesting party must also file the request with the referring court); *cf.* TEX. GOV'T CODE §§ 54A.115(a), .216 (same as section 201.015, except with a seven-working-day deadline).

[23] TEX. FAM. CODE § 201.015(b); *see In re L.R.*, 324 S.W.3d 885, 890 n.5 (Tex. App.—Austin 2010, no pet.) ("[T]he de novo hearing before the referring court is limited to those issues raised in the hearing request."); *cf.* TEX. GOV'T CODE §§ 54A.115(b), .216(b).

[24] TEX. FAM. CODE § 201.015(f); *cf.* TEX. GOV'T CODE §§ 54A.115(e), .216(f).

[25] TEX. FAM. CODE § 201.015(c); *cf.* TEX. GOV'T CODE §§ 54A.115(f), .216(c).

the referring court if the associate judge's proposed order or judgment resulted from a jury trial."[26]

Neither section 201.015 nor any other provision of the Family Code expressly confers a right to a jury trial in a de novo hearing. Unlike the statutes authorizing referral to an associate judge, which explicitly refer to jury trials, the de novo hearing statutes are uniformly silent on the matter.[27] In claiming a right to a jury trial under section 201.015, Mother homes in on two of its aspects—(1) the prohibition on a "second" jury trial in a de novo hearing and (2) the word "de novo," which modifies the term "hearing." Relying on these terms, Mother contends section 201.015 contemplates an entirely new and independent proceeding in which she may try her case anew to a jury so long as she previously tried her case to the bench. The Department urges that section 201.015 permits, but does not require, a referring court to grant a first-time request for a jury trial in a de novo proceeding.

As in all cases requiring us to construe a statute, we resolve this dispute by analyzing the statute's language to determine the Legislature's intent.[28] We construe the statute "as a cohesive, contextual whole, accepting that [the] lawmaker-authors chose their words carefully, both in what they included and in what they excluded."[29] Because we presume the Legislature intended for all the words in a statute to have meaning, we must harmonize statutory language when possible so that no terms are rendered useless.[30]

By negative implication, section 201.015's prohibition on "second" jury trials gives rise to

---

[26] TEX. FAM. CODE § 201.015(i); *cf.* TEX. GOV'T CODE §§ 54A.115(h), .216(i).

[27] TEX. FAM. CODE §§ 201.015, .317; TEX. GOV'T CODE §§ 54A.115, .216.

[28] *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017).

[29] *Id.*

[30] *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000).

two alternative inferences:  (1) a first jury trial is available as a matter of right in a de novo hearing or (2) the trial court is not prohibited from granting a first request for a jury trial in a de novo hearing and thus may allow one, in its discretion.  Construing Chapter 201 as a whole, we conclude that the latter is a reasonable construction of the statute, but the former is not.

### 1. A "De Novo Hearing" is Not a "Trial De Novo"

A "trial de novo" is a new and independent action in the reviewing court with "all the attributes of an original action" as if no trial of any kind has occurred in the court below.[31]  But under Chapter 201, a hearing is not equivalent to a trial, and review under section 201.015 is not entirely independent of the proceedings before the associate judge.  Accordingly, the term "de novo hearing," as used in Chapter 201, cannot reasonably be equated to a "trial de novo."  Rather, the term "de novo hearing" appears to bear a special meaning that is relatively unique to the associate-judge referral statutes and governed by the procedures specified in the authorizing statutes.[32]

---

[31] *Key W. Life Ins. Co. v. State Bd. of Ins.*, 350 S.W.2d 839, 846 (Tex. 1961) (defining "trial de novo" and describing its attributes); *Lone Star Gas Co. v. State*, 153 S.W.2d 681, 692 (Tex. 1941) (a trial de novo ordinarily requires the court to conduct a "full civil trial on the facts as well as the law" where the parties will "try the case as if the suit had been filed originally in that court").

[32] Aside from the various associate-judge referral statutes, "de novo hearings" are granted under only a handful of other statutes, most of which require expedited hearing settings and most of which do not implicate the right to a jury trial at all.  *See* TEX. FAM. CODE § 54.01(n) (de novo detention hearing in juvenile justice cases is authorized in certain circumstances, but must be formally requested within ten working days, with a hearing required "not later than the second working day" after the request); TEX. HEALTH & SAFETY CODE §§ 574.106(d) (authorizing a judge to refer a hearing on an order authorizing psychoactive medication to a magistrate or associate judge with training regarding psychoactive medications), (e) (granting the right to a de novo hearing by the judge on appeal from a magistrate's or associate judge's report; hearing required within thirty days), 592.156(e), (f) (same); TEX. OCC. CODE § 301.455(c) (requiring the State Office of Administrative Hearings to make a preliminary determination on probable cause in a de novo hearing within eleven days following the nursing board's determination that probable cause exists to temporarily suspend or restrict a nurse's license); TEX. TAX CODE §§ 33.74(a) (authorizing an appeal for a de novo hearing "by the judge" from a tax master's recommendation of final judgment), .76(a) (precluding a tax master from presiding over a properly and timely demanded jury trial); TEX. REV. CIV. STAT. art. 7819 (Water Aux. Laws) ("The court shall set the matter down for hearing de novo, and the matters shall be tried and determined by the court."); TEX. REV. CIV. STAT. art. 6243e § 22 (authorizing an appeal from local board decisions under the Texas Local Fire Fighters Retirement Act to the State Office of Administrative Hearings as a contested case conducted as a "de novo hearing" under Chapter 2001

In several provisions, Chapter 201 distinguishes between hearings and trials in relation to one another and with respect to jury and non-jury trials.[33] On the front end, Chapter 201 explicitly allows for a "trial" before either the associate judge or, on timely objection, the referring court.[34] Associate and referring judges may "hear" a non-jury trial on the merits or "preside" over a jury trial.[35] Associate judges may also "conduct a hearing," as textually distinguished from "trials" that an associate judge can refer back to the referring court "in the interest of justice."[36]

On the back end, the de novo hearing procedures in section 201.015 apply to all associate-judge rulings without making similar distinctions, describing the procedure only as a hearing, not a trial. When construing a statute, we "presume the Legislature selected statutory words, phrases, and expressions deliberately and purposefully and was just as careful in selecting the words, phrases, and expressions that were included or omitted."[37] In that vein, the juxtaposition of word choice in the associate-judge referral statutes is compelling with regard to legislative intent.[38]

The procedures applicable to a section 201.015 "de novo hearing" are also inconsistent with

---

of the Government Code).

[33] *Compare* TEX. FAM. CODE § 201.005(b), (c) ("hearing a trial on the merits" versus "presiding over a jury trial") *with id.* § 201.007(a)(1), (b) (associate judge can "conduct a hearing" and may refer a case back to the referring court to "hear[] the trial on the merits" or to "presid[e] at a jury trial").

[34] *Id.* § 201.005(b).

[35] *Id.* § 201.005(b), (c).

[36] *See id.* § 201.007 (associate judge powers in referable cases); *accord id.* §§ 201.104 (powers in Title IV-D cases), .204(c) (powers in child-protection cases), .308 (powers in juvenile justice matters); TEX. GOV'T CODE §§ 54A.108 (powers in civil proceedings), .209 (powers in probate cases).

[37] *In re Xerox Corp.*, 555 S.W.3d 518, 527 (Tex. 2018).

[38] *See id.* at 529.

the established understanding of a trial de novo. As described by the referral statutes, a de novo

hearing is not entirely independent of the proceedings before the associate judge. The defining

characteristic of a trial de novo is that it is a complete retrial on all issues on which the judgment was

founded.[39] Consequently, in such proceedings, the judgment of the first tribunal is ordinarily

vacated. Not merely suspended, but nullified.[40]

For example, in authorizing a "trial de novo" review of administrative-agency decisions, the

Legislature has specified that

> the reviewing court shall try each issue of fact and law in the manner that applies to
> other civil suits in this state as though there had not been an intervening agency
> action or decision but may not admit in evidence the fact of prior state agency action
> or the nature of that action except to the limited extent necessary to show compliance
> with statutory provisions that vest jurisdiction in the court.[41]

Notably, the statute is specific in stating that "[o]n demand, a party to a trial de novo review may

have a jury determination of each issue of fact on which a jury determination could be obtained in

other civil suits in this state."[42]

Statutes enacted by the Legislature and rules adopted by this Court generally use the term

"trial de novo" to trigger these consequences.[43] Those who lose a truancy case, for example, may

appeal to a juvenile court.[44] An appeal of the "case must be tried de novo," and "[o]n appeal, the

---

[39] *Key W. Life Ins. Co. v. State Bd. of Ins.*, 350 S.W.2d 839, 846 (Tex. 1961).

[40] *S. Canal Co. v. State Bd. of Water Eng'rs*, 318 S.W.2d 619, 622 (Tex. 1958).

[41] TEX. GOV'T CODE § 2001.173(a).

[42] *Id.* § 2001.173(b).

[43] *E.g.*, *id.* § 2001.173(a); TEX. LOC. GOV'T CODE § 161.207(b); TEX. NAT. RES. CODE § 89.087(b); TEX. WATER CODE § 68.312(b); TEX. AGRIC. CODE § 60.133(c); TEX. TRANSP. CODE § 372.108(d).

[44] TEX. FAM. CODE § 65.151(a).

judgment of the truancy court is vacated."[45]  Likewise, cases first heard in justice courts may be appealed to a statutory county court for a full "trial de novo."[46]  The applicable rules are express in stating that trial de novo is "a new trial in which the entire case is presented as if there had been no previous trial."[47]

A trial de novo is not what the Legislature enacted as the mechanism for reviewing an associate judge's merits adjudications.[48]  Not in word and not in attribute.  Rather, the Legislature created a process that is mandatory when invoked but expedited in time frame and limited in scope.  The associate judge's judgment is not vacated, but pending review, is "in full force and effect and is enforceable as an order or judgment of the referring court . . . ."[49]

Nor is a de novo hearing a complete retrial on all issues—parties must specify the specific issues presented to the referring court.[50]  Issues not specified need not be reviewed.[51]  Witnesses may only be presented on the specified issues, but the referring court may also consider the record from

---

[45] *Id.* § 65.151(b).

[46] TEX. R. CIV. P. 506.3 (generally), 509.8(e) (repair and remedy cases), 510.10(c) (eviction cases).

[47] TEX. R. CIV. P. 506.3, 509.8(e), 510.10(c); *see Hankook Tire Am. Corp. v. Thomas*, No. 05-95-01445-CV, 1997 WL 531188, at *1 (Tex. App.—Dallas Aug. 29, 1997, writ dism'd w.o.j.) (not designated for publication) ("In all respects, the case proceeds as though the dispute had not been previously resolved.").

[48] *See In re L.R.*, 324 S.W.3d 885, 890-91 (Tex. App.—Austin 2010, no pet.) ("[T]he granting of a de novo hearing under section 201.015 does not, like the granting of a motion for new trial, reinstate the case on the court's docket as if no trial had occurred for purposes of the statutory deadline for commencement of trial on the merits.").

[49] TEX. FAM. CODE § 201.013(a).  For child-protection cases, this is important because it results in a continuation of the proceedings pending disposition of the de novo hearing; nullifying the trial and commencing the proceedings anew might otherwise run afoul of the automatic dismissal provisions in section 263.401 of the Family Code.  *See id.* § 263.401(a) (requiring dismissal "unless the court has commenced the trial on the merits" within a specified time period); *see also L.R.*, 324 S.W.3d at 890-91 (rejecting mandamus petition seeking dismissal under section 263.401 on the basis that suit had not timely commenced because the referring court granted a jury trial in a de novo hearing—"no new trial was granted[,] . . . [only] a de novo hearing under family code section 201.015").

[50] TEX. FAM. CODE § 201.015(b).

[51] *See id.*

11

the associate judge *sua sponte*.[52]  Participation in, or waiver of, a de novo hearing is without prejudice to "the right of a party to file a motion for new trial, motion for judgment notwithstanding the verdict, or other post-trial motion."[53]  In short, a de novo hearing is not an entirely new and independent action, but instead, is an extension of the original trial on the merits.

This construction of the statute accords not only with its language but also with the overall design of the associate-judge system, which serves to streamline and expedite review of cases, not multiply proceedings and increase costs.

### 2. Timelines Are Incompatible With A Jury-Trial Right

Proving the point, the deadlines for requesting and conducting a de novo hearing are inconsonant with Mother's construction of the statute as mandating a jury trial on timely demand. Under section 201.015, a de novo hearing is permitted only if requested within three working days after notice of the associate judge's decision[54] and the hearing must be held within thirty calendar days after that,[55] but under the rules of civil procedure, a jury demand must be made "a reasonable time" before a non-jury docket setting "but not less than thirty days in advance."[56]  If the statute said what Mother asserts, referring courts would be forced to fit jury trials within what would be *at most*

---

[52] *Id.* § 201.015(c); *In re J.T.T.J.*, No. 13-18-00319-CV, 2018 WL 5668567, at *9 (Tex. App.—Corpus Christi Nov. 1, 2018, pet. denied) (mem. op.); *In re C.O.*, No. 04-17-00175-CV, 2018 WL 1733178, at *3 (Tex. App.—San Antonio Apr. 11, 2018, no pet.) (mem. op.).

[53] TEX. FAM. CODE § 201.015(h).

[54] *Id.* §§ 201.015(a)(1), .317(a).

[55] *Id.* §§ 201.015(f), .317(e).

[56] TEX. R. CIV. P. 216(a).  Some courts have interpreted rule 216 more leniently, using the 30-day line as the time at which the requestor takes on the burden of proving the reasonableness of the request.  *Dawson v. Jarvis*, 627 S.W.2d 444, 446 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) ("In every case that has been cited by either party, there is a consensus that in spite of the mandatory language of Rule 216, the rule is construed as being discretionary with the judge."); *accord Gallagher v. Joyce*, 459 S.W.2d 221, 223 (Tex. Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.).

a five-day window, presenting nearly insurmountable docket-management issues. We must afford the statute a meaning consistent with its plain language that is also workable for all the cases for which a de novo hearing is authorized, not just this one. Even if a single case could theoretically be accommodated for a jury trial in the referring court within the short statutory time frame, the totality of the cases referring courts would have to accommodate on an expedited basis renders Mother's interpretation of section 201.015 facially improbable. Associate judges were granted the right to conduct merits-based adjudications to alleviate burdens on the court, not add to them.[57] Giving weight to an inference that would neuter the effectiveness of these statutes as a relief valve for crowded court dockets is not reasonable.[58]

Though section 201.015 does not expressly authorize an extension of the thirty-day hearing deadline, some appellate courts have held that the deadline is not jurisdictional, so it is waivable when neither party objects.[59] We express no opinion on that matter because the possibility of waiver and the availability of a continuance are immaterial to the statutory-construction issue presented here, which requires us to ascertain legislative intent from the language the Legislature enacted. Did the Legislature intend to grant a statutory right to a jury trial in a de novo hearing considering that

---

[57] *Accord* Act of June 18, 1999, 76th Leg., R.S., ch. 1302, § 4, 1999 Tex. Gen. Laws 4448, 4449 (amending section 201.005 to permit associate judges to preside over jury trials and deleting the prior requirement that associate judges "refer any matters requiring a jury back to the referring court for a trial before the referring court and jury"); *see* S. Jurisprudence Comm., Bill Analysis, Tex. S.B. 1735, 76th Leg., R.S. (1999) (noting bill authorizing appointment of associate judges to handle child-protection cases was responsive to several task force initiatives that required additional judicial resources to address "pressure on an already overburdened court system").

[58] Even if jury trials could regularly be set within the thirty-day time frame, the party bearing the burden of proof would no doubt face genuine challenges in presenting the case on the merits, as the Department has alleged here. Section 201.015 cannot reasonably be construed in a manner that weakens the protections afforded to Texas children under the child-protection statutes.

[59] *See Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.); *In re Office of Att'y Gen. of Tex.*, 264 S.W.3d 800, 808 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (with respect to the related child-support statute).

(1) the thirty-day deadline for holding the hearing is couched in mandatory terms, (2) the statute does not expressly authorize an extension of any length under any condition, and (3) no right to a jury trial is expressly stated? We think not.[60] We must give the statute a meaning that is reasonable when the statute is construed as a whole, and against this backdrop, an expectation that referring courts would be able to accommodate first-time jury demands in de novo hearings does not comport with the overall statutory scheme.

Referral to an associate judge—which is essentially voluntary—removes cases from crowded trial-court dockets and allows adjudication by specialized tribunals.[61] Mother's construction of the statute would extend final disposition of cases and burden referring-court dockets with accelerated proceedings, a paradoxical result the Legislature could not have intended.[62] The fallacy of this premise is even more evident here, because the Legislature has mandated expediency, efficiency, and judicial economy in parental-rights termination cases.[63]

Mother's attempt to analogize to master-in-chancery appointments under civil-procedure rule 171 falls flat.[64] While Mother cites several cases as recognizing the right to a jury trial before the referring court after a master in chancery has issued a report, those cases are inapposite because,

---

[60] *Compare* TEX. FAM. CODE § 201.015 *with id.* § 263.401 (setting a mandatory dismissal deadline subject to a limited extension period available only in "extraordinary circumstances").

[61] *Id.* § 201.005(a) (listing the types of cases referable to associate judges).

[62] TEX. GOV'T CODE § 311.023(5) ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider [the] consequences of a particular construction.").

[63] *See, e.g.*, TEX. FAM. CODE § 263.401 (requiring timely conclusion of parental-termination cases); *see id.* § 109.002(a-1) (appeal from order terminating the parent–child relationship "shall be given precedence over other civil cases by the appellate courts, shall be accelerated, and shall follow the procedures for an accelerated appeal under the Texas Rules of Appellate Procedure"); *In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003) ("In termination cases, judicial economy is not just a policy—it is a statutory mandate.").

[64] *See* TEX. R. CIV. P. 171 (permitting appointment of a master in chancery "in exceptional cases, for good cause" to sit as a court of equity with specific and limited powers).

unlike Chapter 201, a jury trial is not an option in rule 171 proceedings.[65]   Participation in master-in-chancery proceedings does not preclude a jury trial in the referring court because that is the only opportunity for parties to claim one.  Unlike rule 171, Chapter 201 provides other options for a jury trial, but Mother chose not to claim them.

Considering section 201.015's "de novo hearing" requirement and "second jury" prohibition in harmony with the statute in its entirety, we conclude that Chapter 201 neither prohibits nor grants a right to a first-time jury trial in a de novo hearing, but permits the referring court to grant one in its discretion.

## B. Constitutional Right to A Jury Trial

The rights inherent in the parent–child relationship are among the oldest of the fundamental liberty interests,[66] but the existence of a substantive right is distinct from the procedures constitutionally required to protect that right.  Mother asserts she is entitled to a jury trial in parental-rights termination cases based on the Texas Constitution's assurance that the right to a jury trial is "inviolate."[67]  But Chapter 201 indisputably affords parties the right to demand a jury trial before either the referring court or the associate judge, and Mother has not explained—with either argument or authority—why the Constitution requires more than the robust right to a jury trial the

---

[65] *See id.* (listing powers, which may be limited by the referral order); *see also San Jacinto Oil Co. v. Culberson*, 101 S.W. 197, 198-99 (Tex. 1907) (parties do not waive their right to a jury trial by submitting to a process that does not allow one); *Mann v. Mann*, 607 S.W.2d 243, 246 (Tex. 1980) (approving the use of a master in chancery prior to a jury trial); *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 504, 511 (Tex. 1980) (assuming without deciding the same); *Minnich v. Jones*, 799 S.W.2d 327, 329 (Tex. App.—Texarkana 1990, no writ) ("The hearing before the master is not the trial, and the presentation of evidence to the master does not waive the right to a jury, even when the demand is made after the master's hearing.") (citing *Mann*, 607 S.W.2d at 246).

[66] *Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982).

[67] TEX. CONST. art. I, § 15.

statute already offers in termination cases, a right she voluntarily waived.[68]

## C. Standard of Review

We review the "denial of a jury demand for an abuse of discretion."[69] A trial court abuses its discretion when a "decision is arbitrary, unreasonable, and without reference to guiding principles."[70] The distinction between a jury trial that is permissive under the law and one that is available as a matter of right is more than mere semantics. When a jury trial is available as a matter of right, a timely request is presumptively reasonable and ordinarily must be granted absent evidence that granting the request would "(1) injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business."[71] But because section 201.015 does not afford a right to a jury trial in a de novo hearing, no presumption arises. Though injury, disruption, and impediment remain useful factors guiding the court's decision to grant or deny a first-time jury demand, no presumption tips the scale one way or the other, leaving the ultimate decision within the trial court's sound discretion.

Here, we agree with the court of appeals that the referring court did not abuse its discretion in denying Mother's demand for a jury at the de novo hearing. Mother identified a three-day window before expiration of the statutorily mandated hearing deadline that—in theory—would be

---

[68] *See In re K.S.L.*, 538 S.W.3d 107, 114 (Tex. 2017) (applying the procedural due process analysis from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), which involves balancing "three elements: the private interests at stake, the government's interest supporting the challenged procedure, and the risk that the procedure will lead to erroneous decisions").

[69] *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

[70] *Id.*

[71] *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (enumeration added) ("A request in advance of the thirty-day deadline [in civil procedure rule 216] is [rebuttably] presumed to have been made a reasonable time before trial."); TEX. R. CIV. P. 216 (defining a "reasonable time" for a jury demand as "not less than thirty days in advance" of a non-jury setting).

16

available for a jury setting, but the record bears no evidence that those dates were actually available for a jury setting or even when the next available jury setting would be.

Moreover, the jury request was opposed, and with a mere ten days between the hearing on Mother's jury demand and the de novo hearing deadline, the Department asserted that presentation of the merits would be hampered due to the difficulty and expense of recalling witnesses to testify live before the jury. While section 201.015(c) allows the referring court to "consider the record from the hearing before the associate judge," it is silent about whether prior testimony from those proceedings could be considered in a jury trial. Even assuming it could,[72] and even assuming a case prepared for presentation to the bench would be adequate for a jury, the referring court could reasonably conclude the Department would be unfairly prejudiced if forced to rely on the cold written word in lieu of live testimony before the jury.

### III. Conclusion

Chapter 201 of the Family Code fulfills the statutory promise of a jury trial on demand by allowing for a jury trial in either the referring court or before an associate judge. Associate judge proceedings do not occur by happenstance, nor are they compelled. So with a timely objection, parties can choose to have the referring court adjudicate the merits following a bench or jury trial. But once the parties elect a bench trial before the associate judge, Chapter 201 does not confer a right to demand a jury trial in a de novo hearing. If a de novo hearing is requested, the referring court has discretion to grant a first-time jury request, but the statute cannot reasonably be read as affording the parties a right to a jury trial at that juncture. And because we agree with the court of appeals that the trial court was not obligated to grant Mother's jury demand under the circumstances,

---

[72] *But see* TEX. R. EVID. 801-804 (hearsay rules applicable to prior testimony of a party, a non-party, and a party opponent).

17

we affirm the court of appeals' judgment.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED**:  May 3, 2019