# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00158-CV

---

### C. A. and M. D., Jr., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. 18-0752, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellants seek to appeal an associate judge's ruling that terminated their parental rights. *See* Tex. Fam. Code § 161.001. After review of the record, the Clerk of this Court advised appellants that it appears that this Court lacks jurisdiction over this matter because the appellants timely requested a de novo hearing of the associate judge's ruling pursuant to section 201.015 of the Texas Family Code and because, according to the Hays County Clerk's Office, that de novo hearing has not yet been held. *See id.* § 201.015(f) (requiring court to hold de novo hearing); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). The Clerk of this Court requested that the appellants file a response explaining how this Court may exercise jurisdiction over this appeal. *See* Tex. R. App. P. 26.1.

Appellants have filed a written response with this Court. In their response, appellants state that pursuant to section 201.015, the associate judge's ruling became a final

judgment by operation of law "due to there being no hearing scheduled within the 30-day time permitted under the statute." Section 201.015(f) provides that the referring court "shall hold a de novo hearing not later than 30th day after the date on which the initial request for a de novo hearing was filed." Tex. Fam. Code § 201.015(f). Nothing in the statute, however, suggests that an associate judge's ruling will automatically become final if the referring court fails to comply with the 30-day requirement. In fact, this Court has recognized that the failure to comply with the 30-day requirement does not deprive the referring court of jurisdiction and, consequently, that section 201.015(f) does not statutorily preclude the court from conducting a hearing outside the thirty-day window. *See In re L.R.*, 324 S.W.3d 885,888 (Tex. App.—Austin 2010, orig. proceeding) (citing *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.)).

The record before us establishes that a request for a de novo hearing before the referring court was timely filed, and nothing in the record indicates that the right to a de novo hearing has been affirmatively waived by the appellants in the trial court. *See* Tex. Fam. Code § 201.2041(a) (providing that associate judge's proposed order or judgment "becomes the order or judgment of the referring court by operation of law without ratification by the referring court" if request for de novo hearing is untimely or "the right to a de novo hearing before the referring court is waived"). Because appellants have failed to identify a final judgment or appealable order in this case, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

 

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   August 18, 2020