

# NUMBER 13-23-00040-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.C.T.M., A CHILD

**On appeal from the 430th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant, M.T.M., attempts to appeal a judgment signed on January 20, 2023, terminating her parental rights to A.C.T.M.[1] Appellant filed her notice of appeal in the trial court on January 31, 2023. On May 16, 2023, the Clerk of this Court notified appellant that it appeared that: (1) the notice of appeal was untimely, and (2) the notice of appeal did not comply with Texas Rules of Appellate Procedure 9.1(b), 25.1(d)(6), or 25.1(d)(8).

---

[1] We refer to appellant and the child by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

*See* TEX. R. APP. P. 9.1(b), 25.1(d)(6), 25.1(d)(8). The Clerk informed appellant that, if these defects were not cured within ten days from the date of receipt of that notice, the appeal would be dismissed. Appellant filed a response on May 18, 2023. On the same day, this Court requested the appellee, the Texas Department of Family and Protective Services (Department) to respond to appellant's response. The Department filed a response on May 30, 2023. We conclude that appellant attempts to appeal a void judgment and therefore dismiss the appeal for lack of jurisdiction.

"A judicial decree is final when it disposes of all issues and all parties in the record." *In re. R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). "When an order 'finally disposes of all claims and all parties' in 'clear and unequivocal language,' it is a final order." *Id.* (citing *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (origi. proceeding) (per curiam)). In addition, if no motion for new trial or motion to modify the judgment is filed, the trial court retains plenary power to vacate, modify, correct, or reform its judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d), (e), (g). If the judgment is modified while the trial court has plenary power, the appellate timetable is restarted when the new judgment is signed. *Id.* R. 329b(h). However, any modified, corrected, or reformed judgment signed after the trial court's plenary power has expired is a nullity. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) (per curiam) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.").

A timely notice of appeal invokes this Court's jurisdiction. TEX. R. APP. P. 25.1, 26.1; *see Garza v. Hibernia Nat. Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.]

2

2007, no pet.). Notice of appeal of a judgment which terminates the parent-child relationship, as an accelerated appeal, must be filed within twenty days after the final judgment or order is signed. TEX. FAM. CODE ANN. § 109.002(a); TEX. R. APP. P. 26.1(b). A motion for extension of time to file the notice of appeal is necessarily implied when an appellant, acting in good faith, files a perfecting instrument beyond the time allowed but within the fifteen-day period within which the appellant would be entitled to move to extend the filing deadline. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–617 (Tex. 1997). However, an appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *See Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *see also In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet). This appeal leads us to question whether we have jurisdiction to decide the merits of this appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (providing that appellate courts have no jurisdiction to address the merits of appeals from judgments that are void).

In this case, the trial court referred the termination proceeding to an associate judge. Following a hearing, the associate judge signed its "Order of Termination" on July 14, 2022, which, among other things, terminated the parental rights of appellant to A.C.T.M. Appellant timely filed a request for a "de novo trial" before the referring trial court. *See* TEX. FAM. CODE ANN. § 201.015.

The de novo stage of a parental termination proceeding differs from a trial de novo in any other case. Here, it is merely a hearing before a different tribunal and not a true "trial de novo"—a complete retrial on all issues. *See In re A.L.M.-F.*, 593 S.W.3d 271,

3

277–80 (Tex. 2019). It is simply a "mechanism for reviewing an associate judge's merits adjudications." *Id.* at 279. "Parties must specify the specific issues presented to the referring court." *Id.* at 280. (citing TEX. FAM. CODE ANN. § 201.015(b)). "Issues not specified need not be reviewed." *Id.* (citing TEX. FAM. CODE ANN. § 201.015(b)). "The intention of section 201.015(b) is to limit the appealing party's ability to raise new issues he has not specifically appealed in the de novo hearing." *Legarreta v. Alvidrez*, 631 S.W.3d 546, 549 (Tex. App.—El Paso 2021, no pet.) (citing *Chacon v. Chacon*, 222 S.W.3d 909, 913 (Tex. App.—El Paso 2007, no pet.)). However, there is nothing in the statute that precludes a party from requesting review of all issues that were raised in the trial on the merits. *See In re L.R.*, 324 S.W.3d 885, 890 n.5 (Tex. App.—Austin 2010, orig. proceeding) (construing a request for de novo hearing as raising all issues). "Witnesses may only be presented on the specified issues, but the referring [trial] court may also consider the record from the associate judge *sua sponte*." *In re A.L.M.-F.*, 593 S.W.3d at 280 (citing TEX. FAM. CODE ANN. § 201.015(c)). "Participation in, or waiver of, a de novo hearing is without prejudice to 'the right of a party to file a motion for new trial, motion for judgment notwithstanding the verdict, or other post-trial motion.'" *Id.* (citing TEX. FAM. CODE ANN. § 201.015(h)). "In short, a de novo hearing is not an entirely new and independent action, but instead, is an extension of the original trial on the merits." *Id.*

In this case, the associate judge's order of termination specifically found by clear and convicing evidence that appellant had:

> 6.2.1. knowingly placed or knowingly allowed [A.C.T.M.] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, pursuant to 161.001(b)(I)(D), Texas Family Code;

4

6.2.2. engaged in conduct or knowingly placed [A.C.T.M.] with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to 161.001(b)(I)(E), Texas Family Code.

6.2.3. Termination is in the best interest of [A.C.T.M.].

The termination order also, among other things, appointed the Department as A.C.T.M.'s permanent managing conservator and terminated the parental rights of A.R.R., the alleged father, and "Unknown Father". In her request for a de novo hearing, appellant stated she "desired to appeal from all portions of the judg[]ment, specifically, but not limited to" the associate judge's findings related to (1) the statutory grounds of termination and that (2) termination was in the best interest of the child. *See* TEX. FAM. CODE ANN. § 201.015(b); *In re A.L.M.-F.*, 593 S.W.3d at 280; *In re L.R.*, 324 S.W.3d at 890 n.5.

On October 24, 2022, the trial court conducted its de novo hearing and considered the record of the bench trial before the associate judge. The parties did not present further witnesses. The trial court orally pronounced its ruling "affirm[ing] the decision of [the associate judge]" and terminated appellant's parental rights to A.C.T.M. On the same day, appellant filed a notice of appeal of the trial court's oral order, which initiated the first appeal involved in this case. *See In re A.C.T.M.*, No. 13-22-00517-CV, 2023 WL 105116, *1 (Tex. App—Corpus Christi–Edinburg Jan. 5, 2023, no pet.) (mem. op.). The District Clerk filed the Clerk's record in this Court for the first appeal on November 3, 2022. A few days later, on November 8, 2022, the trial court signed a written order terminating the parental rights of appellant. The trial court's November 8, 2022 order of termination was not contained in the Clerk's record; thus, the existence of this order was unknown to this Court.

We dismissed appellant's first appeal for want of jurisdiction as the record did not contain a final, appealable order. *See id.* We explained that on December 1, 2022, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect. *See id.* (citing TEX. R. APP. P. 37.1, 42.3.). Appellant was advised that the appeal would be dismissed for want of jurisdiction if the defect was not corrected within ten days from the date of receipt of the notice. Appellant did not respond to this Court's notice. In addition, we explained that the District Court Clerk informed the Clerk of this Court that there were no signed orders or judgments memorializing the trial court's October 24, 2022 oral pronouncement of its ruling. Accordingly, we dismissed appellant's first appeal for want of jurisdiction as we were required to do. *See id.*

When a de novo hearing of a parental termination case has been held in the referring court, a signed order or judgment by the referring court is required to invoke the jurisdiction of this Court. *See* TEX. FAM. CODE ANN. § 201.016(b). Absent exceptions not applicable to this case, "the date an order or judgment by the referring court is signed is the controlling date for purposes of appeal." *See id.* § 201.016(b), (c). The referring trial court signed its "Order as to [appellant's] De Novo Trial" on November 8, 2022. In this order, the trial court expressed the following:

> On October 24, 2022, afier reviewing all the evidence, to include the zoom video recordings of the termination trial before the Associate Judge, available transcripts, and exhibits, the COURT HEREBY SUSTAINS and AFFIRMS the Order of Termination as granted by the Associate Judge on June 28, 2022 and signed on July 14, 2022 and July 11, 2022 as to . . . [appellant].
>
> The Court finds by clear and convincing evidence that termination of the parent-child relationship between [appellant] and the child the subject of this suit is in the child's best interest.

6

Further, the Court finds by clear and convincing evidence that [appellant] has:

knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being ofthe child, pursuant to 161.001(b)(1)(D), Texas Family Code; and

engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to 161. 001 (b)(1)(E), Texas Family Code.

Termination is in the best interest of the child.

IT IS THEREFORE ORDERED that the parent—child relationship between [appellant] and the child the subject of this suit is TERMINATED.

A final judgment is attached as Exhibit A and incorporated by reference and adopted as the final order of this Court as to . . . [appellant].

The November order further states that "The Order of Termination signed July 11, 2022 and July 14, 2022 as to Respondents, [A.R.R.], alleged father, and the Unknown Father, remain final and were not subject to [d]e [n]ovo [a]ppeal."

Though the November order references an attached "Exhibit A" that is not found in the Clerk's Record before us, we nevertheless hold that it clearly and unequivically "disposes of all issues and all parties in the record[.]" *In re. R.R.K.,* 590 S.W.3d at 540. The November order expressly states that it sustains and affirms the associate judge's order of termination as to appellant. Furthermore, the November order specifically found, by clear and convincing evidence, the same grounds of termination and that termination was in the best interest of A.C.T.M. as espoused in the associate judge's order of termination. There were no other pending issues that needed to be disposed. Thus, we find the November 8, 2022 order to be final.

7

More than sixty days later, the trial court rendered a subsequent order terminating the parental rights of appellant on January 20, 2023. Appellant's January 31, 2023 notice of appeal specifically attempts to appeal the trial court's January 20, 2023 order. In this case, no motion extending the trial court's plenary power was filed after the trial court rendered its November 8, 2022 final order; therefore, the trial court's subsequent January 20, 2023 order was signed well after the trial court lost plenary power and is a nullity. *See* TEX. R. CIV. P. 329a; *Latty*, 907 S.W.3d at 485. Because the trial court's November 8, 2022 order was final and started the appellate timetable, appellant's notice of appeal was due within twenty days after that order was signed or after a motion for extension of time was due fifteen days later. *See* TEX. R. APP. P. 26.1(b), 28.1(b), 26.3; *Verbugt*, 959 S.W.2d at 615. Appellant's January 31, 2023 notice of appeal specifically attempts to appeal the January 20, 2023 order, which is void. *See Freedom Commc'ns*, 372 S.W.3d at 623. Accordingly, we lack jurisdiction over this appeal, and we dismiss it for want of jurisdiction.

NORA L. LONGORIA
Justice

Dissenting Memorandum Opinion by
Justice Benavides.

Delivered and filed on the
15th day of June, 2023.

8